GEORGE ROLANDEZ, Respondent, *v.* STAR LIQUOR DEALERS, INC., Appellant.

First Department, May 19, 1939.

*Louis Zimmerman* of counsel [*Abraham S. Rauch*, attorney], for the appellant,

*Herbert Lebovici* of counsel [*Edward Arkin* with him on the brief; *Melton, Lebovici & Arkin*, attorneys], for the respondent.

GLENNON, J. The plaintiff entered the employ of the defendant as a chauffeur in either the latter part of 1935 or early in 1936. The defendant entered into a contract with the Drivers and Chauffeurs Local Union No. 816 on December 14, 1936, to take effect on that day and to continue until December 13, 1939. The contract reads in part: " It is agreed by said Employer that it will employ [as] chauffeurs, motorcycle riders and helpers, only members of the Union, in good standing." Weekly compensation was provided for and " Overtime shall be paid for at the rate of time and one-half per hour. * * * Forty-eight (48) hours shall constitute a week's work."

Plaintiff was a member of the union. He was discharged in the latter part of March or the early part of April, 1937. He claims that his discharge was without justification. The defendant on the other hand contends that it acted within its rights because of plaintiff's insubordination, incompetence and dishonesty. When taken to task for his derelictions, it is claimed by defendant that plaintiff asserted in effect that the union would protect him.

Defendant set up as defenses an accord and satisfaction and also justification for the discharge. In addition thereto it averred that an investigation was conducted pursuant to the terms of the contract by a representative of the employer and the delegate of the union and it was found as a result thereof that the defendant acted within its rights under the agreement in discharging the plaintiff.

Two causes of action are set forth in the complaint. The first was for overtime work covering the period between December 13, 1936, the date of the contract with the union, and March 27, 1937, the day of the discharge. The second cause of action is for breach of contract of employment. The jury made an award upon

the first cause of action in the sum of $500 and on the second cause of action in the sum of $4,723.96. In view of the nature of the case it is necessary to discuss each cause of action separately.

We do not doubt the right of the plaintiff, who at that time was a member of the union in good standing, to recover upon the first cause of action provided that the testimony he gave with reference to the so-called overtime work was credible. He set forth in his bill of particulars that he actually put in 816 hours of additional work which would entitle him, if true, to $897.60. Upon the trial he reduced his claim to $667.60, covering 616 hours. The jury in making its award on the first cause of action allowed him only the sum of $500. The plaintiff did not know whether he had worked every day during that period. He failed to produce any records to substantiate his testimony. He testified that his mother had made entries in a book from information supplied by him and still he did not call her nor did he exhibit the book. Although he was a " job steward," selected by his fellow workers and appointed by the union, at no time while employed did he demand additional compensation for overtime. He admitted that he received extra money during the Christmas holidays but asserted that it did not come directly from the defendant, as claimed by its officer, but it was given to him, as he understood it, out of the fund made up by the salesmen employed by the defendant. It does not appear that he made any complaint to the union officials concerning the failure on the part of the defendant to pay for extra work. How much overtime, if any, plaintiff actually put in does not clearly appear from the record. The defendant, through its witnesses, asserted that the plaintiff was not entitled to extra compensation for overtime. We are inclined to the view that a new trial should be had on the first cause of action on the ground that the verdict is against the weight of the credible evidence.

We now turn to the second cause of action. Plaintiff must stand or fall on the contract which was entered into between the union and the defendant. It might be interesting to note that the award which he received covered the entire period between the date of his discharge and December 13, 1939, less the sum of $571.87 which concededly was earned by plaintiff prior to the trial which commenced on November 30, 1938. In other words, plaintiff was permitted to recover the full amount of money he would have received under the terms of the contract if fully carried out between the time of the discharge and December 13, 1939. No allowance for future earnings was made by the jury, since the court failed to charge the jury on that point. The justice presiding overlooked the fact that plaintiff testified at the time of the trial that he was

earning fifteen dollars a week and expected to continue in his employment. Although the court's attention was directed to this fact at the conclusion of the charge, the jury nevertheless rendered a verdict in full for the entire contract period. The rule covering damages in cases of this type is fully and ably discussed by Judge LEHMAN in *Hollwedel* v. *Duffy-Mott Co., Inc.* (263 N. Y. 95). We do not deem it necessary to consider further the question of damages since we are of the opinion that plaintiff was not entitled to receive any award on the second cause of action.

The contract referring to the termination of employment contains the following pertinent provisions:

" The Employer agrees not to discharge any employee provided for herein, except for cause, upon one week's notice, except in the case of dishonesty where no notice shall be required. The employees, desiring to terminate their employment with the Employer, shall give one week's notice to the Employer of their intention so to do.

" 7.  *  *  *  If any employee is discharged or removed from service for any doubtful cause he shall have a fair and impartial investigation within three (3) days, said investigation to be conducted by a representative of the employer and a representative of the Union, at which the discharged or removed employee may be present. If there be a disagreement, his complaint thereupon shall be arbitrated in the manner heretofore stated. If his discharge or removal is not found to be justified, then he shall be reinstated and paid for time off, and if found justified shall pay the penalty without further recourse."

The plaintiff immediately after his discharge communicated with Mr. Sullivan, the delegate of the union. Sullivan went to the defendant's place of business and saw Mr. Jacobs, vice-president of the defendant corporation. The latter gave an explanation to Sullivan of his reasons for discharging the plaintiff. It was determined as a result of the " investigation that the discharge was justified." The delegate again visited the defendant's place of business on at least one occasion for the purpose of having plaintiff reinstated, but without success. In company with the plaintiff and the president of the union, according to these two officials, Sullivan made another visit to defendant's office and a check covering an extra week's wages was turned over to the plaintiff for the purpose of settling the controversy with reference to the discharge. While plaintiff denied that he was present when the check was delivered, still he admitted that he received the check, cashed it and retained the proceeds. It should be noted again that the last sentence of paragraph 7 of the contract reads: " If his

discharge or removal is not found to be justified, then he shall be reinstated and paid for time off, and if found justified shall pay the penalty without further recourse." Since the discharge was " found justified," then, the plaintiff must " pay the penalty without further recourse." Consequently, he cannot recover under the terms of the contract on the second cause of action.

For the reasons assigned, judgment on the second cause of action should be reversed, with costs, and the cause dismissed, with costs, the action severed, and a new trial ordered with reference to the first cause of action, with costs to the appellant to abide the event.

MARTIN, P. J., O'MALLEY, UNTERMYER and DORE, JJ., concur.

Judgment, in so far as it grants judgment in favor of plaintiff against the defendant on the second cause of action, unanimously reversed, with costs to the appellant, and the second cause of action dismissed, with costs, the action severed, and a new trial ordered of the first cause of action, with costs to the appellant to abide the event.