**BROTHERHOOD OF RAILROAD TRAINMEN et al. v. JOHNSON et al.**

**BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN et al. v. CONNELL et al.**

**ORDER OF RAILWAY CONDUCTORS et al. v. HILDERBRAND et al.**

No. 2139.

Court of Civil Appeals of Texas. Waco.
Oct. 19, 1939.

Rehearing Denied Nov. 23, 1939.

Thompson, Knight, Baker, Harris & Wright and J. Hart Willis, all of Dallas, and Harold C. Heiss of Cleveland, Ohio, for appellants.

McGown, McGown, Godfrey & Logan, of Fort Worth, and Davis, Jester & Tyson, of Corsicana, for appellees.

ALEXANDER, Justice.

W. H. Hilderbrand and others brought suit against the Order of Railway Conductors and others to enjoin said Order from interfering with plaintiffs' alleged seniority rights as conductors to man all passenger trains over the line of the Burlington-Rock-Island Railway Company as applied to certain through passenger trains being run over the lines of the Burlington-Rock-Island Railway Company from Fort Worth through Dallas to Teague. J. M. Connell and others filed a like suit against the Brotherhood of Locomotive Firemen & Enginemen and others to protect similar rights which they claimed to man said trains as firemen; and W. A. Johnson and others filed a like suit against the Brotherhood of Railroad Trainmen and others to protect their rights as train and yardmen in the handling of said trains. The cases were all consolidated and tried together. At the conclusion of the evidence the trial court granted permanent injunctions in favor of the plaintiffs as prayed. The defendants have appealed.

In the case of Grand International Brotherhood of Locomotive Engineers et al v. Walter Marshall et al., Tex.Civ.App., 119 S.W.2d 908, we had before us a companion suit brought by Marshall and others to protect their rights to operate the same trains as engineers. Upon appeal of that case we held that the evidence was insufficient to authorize a judgment for the plaintiffs therein. The judgment in that case was reversed and remanded for a new trial. The cases at bar were tried on the same theory as the Marshall case, and it is not contended that there is any material difference in the evidence in these cases from that considered by us in the Marshall case. For the reasons stated in the Marshall case, the judgments of the trial court in the cases at bar must be reversed. Since the cases must be retried, we do not deem it necessary to pass on the insufficiency of parties or other assignments made by appellants. Such issues will not likely arise again in the same manner on another trial.

The judgments of the trial court are reversed and the causes remanded for new trial.