Burke, J.
Prior to receivership, the Yoges Manufacturing Company entered into a collective bargaining agreement with Local 15 of the International Association of Machinists. The defendant receiver, after appointment to that office, was authorized by the Federal District Court to adopt the terms of this agreement.
Subsequently, on April 16, 1954, the plaintiff employee, Parker, á member of the union, was laid off by the receiver, and about four weeks later discharged “ for cause ”. Parker, contending that the discharge was not justified, invoked the grievance procedure outlined in the collective agreement. Pursuant to its terms, representatives of both the company and the union discussed the discharge, but Parker was not reinstated. Thereafter, the union specifically refused to pursue the right to arbitration although it was requested to do so by Parker.
Upon notice, of the refusal of the union to utilize the arbitration procedures, Parker moved in the Federal District Court to compel the defendant to arbitrate the discharge. This motion was denied. The court refused to rule further on Parker’s claimed right to maintain an action for wrongful discharge.
Here, plaintiff, relying on the collective bargaining agreement, seeks an award for money damages for breach of the *159 agreement. Defendant, before answering, moved at Special Term for a stay pending arbitration. The court denied the motion for the stay on the ground that only the employer or union could seek a submission, not an employee. On appeal to the Appellate Division this determination was affirmed.
Defendant then interposed an answer which set forth two affirmative defenses. The first defense alleges that plaintiff’s hiring was one at will, that plaintiff was not a party to the collective bargaining agreement, and that plaintiff secured no right of action under the agreement. The second defense asserts that the ruling of the Federal court is res judicata and thus it bars this action even if plaintiff had a right to institute it under the collective bargaining agreement.
Belying on these defenses, defendant moved for summary judgment. The motion was denied. The Appellate Division, in reversing, stated that, under the collective agreement, plaintiff could maintain the action, but that he failed to establish that his hiring was for a definite term and was not a hiring at will.
It is manifest that the defense of res judicata is without substance. The District Court merely held that Parker could not compel arbitration under Federal statutory law. The court declined to rule on the issue involved in the present action, i.e., whether or not the plaintiff may maintain an action against his former employer for wrongful discharge.
As we have said, plaintiff’s action is for damages for wrongful discharge. For aught that appears, plaintiff’s contract of employment was not a hiring for a specific term. Hence, standing alone, it was terminable at will, and would not give rise to a cause of action. (Watson v. Gugino, 204 N. Y. 535.) But here there is an additional factor — the collective agreement. There has been a growing recognition by the courts that the collective agreement can modify the terms of the contract of hiring. (See Williston, Contracts, § 39A [3d ed.], and § 379A [Bev. ed.]; Teller, Labor Disputes and Collective Bargaining, §§ 166-169 and supplements thereto.)
In this jurisdiction, it is clear that Avage provisions in the collective bargaining agreement inure to the direct benefit of employees and may be the subject of a cause of action (Barth v. Addie Co., 271 N. Y. 31; Gulla v. Barton, 164 App. Div. 293; *160 cf. Canton v. Palms, Inc., 152 Misc. 347; Morrison v. Gentler, 152 Misc. 710; Mesloh v. Schulte, 151 Misc. 750).
More recently, the courts of this State have been concerned with the effect of provisions in the collective bargain which prohibit the discharge of an employee, except for cause, on his contract of employment. There are two basic problems presented in these cases: (1) were the “no discharge without cause ” provisions intended to benefit directly the employee? (2) assuming an affirmative answer to the first question, what effect does the language used have on the employee’s contract of hiring?
The collective bargain in the present case provides that “ No regular employee shall be discharged or disciplined without good and sufficient cause ”. It further states that “When it becomes necessary to reduce the force by lay off in any classification thereof, seniority in said classification in the Company’s service shall govern the reduction in force ”. Included also is the probation clause which states that1 ‘ All new employees shall be deemed for the first forty-five (45) calendar days of their employment to be engaged for a trial period and such employees may be laid off or discharged during said period with or without cause ”.
We conclude that the employee is the direct beneficiary of such provisions (see Gulla v. Barton, supra). Unlike Rotnofshy v. Capitol Distrs. Corp. (262 App. Div. 521), these clauses were not inserted to insure the retention of union men by the company. In the present collective agreement, there are other specific provisions for a union shop and for releasing of employees who do not join the union.
Our main task then is to ascertain the effect to be ascribed to these provisions.
In Barth v. Addie Co. (271 N. Y. 31, supra) the plaintiff, discharged without cause, sought to recover wages from the date of his discharge to the date of the expiration of the collective contract. The agreement provided that the employer would not discharge any member of the union whose salary was payable weekly, unless the employer gave two weeks’ notice in writing of such an intention to the union, except that an employee may be discharged on payment of two weeks’ salary. It was held that plaintiff’s recovery was limited to two weeks’ *161 salary. Implicit in this ruling is the finding that the contract of employment can be modified by a collective agreement limiting the right to discharge an employee. (See, also, Rolandes v. Star Liq. Dealers, 257 App. Div. 97; cf. Hudak v. Hornell Ind., 304 N. Y. 207; Marransano v. Riggs Nat. Bank, 184 F. 2d 349.)
Certainly, then, if -such clauses in the present agreement are to have meaning, we must arrive at a similar conclusion.
However, a fundamental proposition in construing instruments is that the entire writing must be considered. All the provisions of the agreement are to be given effect. Thus, while we have arrived at a different conclusion than the Appellate Division as to the significance of the 11 no discharge without cause ” provisions, we are of the opinion, nevertheless, that the granting of defendant’s motion for summary judgment must be sustained.
The collective agreement concludes: ‘1 This Agreement shall be binding on the employer, its successors and assigns, and upon the Union and its officers, representatives and members. ’ ’ Plaintiff is a member of the union and, therefore, is bound by the agreement. By its terms, the collective bargain “ inured ” to the members of the union. (Ott v. Metropolitan Jockey Club, 282 App. Div. 946, affd. 307 N. Y. 696.) In the Ott case, as here, the employee could not avail himself of the arbitration procedure since that right was granted only to the union and the employer by the terms of the collective agreement. Hence, plaintiff here is bound by and limited to the provisions of the agreement. (See, also, Triboro Coach Corp. v. State Labor Relations Bd., 286 N. Y. 314; Barth v. Addie Co., supra; Rolandes v. Star Liq. Dealers, supra.)
Incidentally the agreement in Hudak v. Hornell Ind. (supra) did not contain this limiting provision.
A reading of the existing agreement indicates that plaintiff has entrusted his rights to his union representative. It may be that the union failed to preserve them. As was said in Donato v. American Locomotive Co. (283 App. Div. 410, 417, affd. 306 N. Y. 966): “ the only conclusion which logically follows is that the employee is without any remedy,' except as against Ms own urnon, if he claims that the union mishandled the arbitration proceeding or improperly failed to move to *162 vacate the award. If this conclusion is reached upon the premise here set forth, this is not an exaltation of procedure over substance; it rests rather upon a proposition of substantive law limiting the right of the individual employee under a collective bargaining agreement.”
The judgment of the Appellate Division granting defendant’s motion for summary judgment should be affirmed, with costs.