Ethel ODOM et vir, Appellants,

v.

DAY & ZIMMERMANN, INC., Appellee.

No. 7290.

Court of Civil Appeals of Texas.

Texarkana.

May 2, 1961.

Rehearing Denied June 20, 1961.

through the air." 9 Uniform L.Annot. 14; 2 C.J.S. Aerial Navigation § 2, p. 901.

Sidney C. Lee, Texarkana, for appellants.

Atchley, Russell & Hutchinson, LeRoy Autrey, Texarkana, Ark., for appellee.

DAVIS, Justice.

Ethel Odom and her husband, George Odom, brought this suit to recover damages which were sustained by reason of appellee's, Day & Zimmermann, Inc., failure and refusal to permit Ethel Odom to continue in its employ as a high explosive operator from June 15, 1959, until the date of the trial on June 23, 1960. It was alleged and contended by appellants that appellee's refusal and failure to permit Ethel Odom to work in its employ as a high explosive operator during the indicated period was in violation of certain articles of agreement between appellee and the International Chemical Worker's Union, Local No. 526, affiliated with the AFL–CIO, hereinafter called the Union, which had been certified by the National Labor Relations Board as the exclusive representative for the specific unit or units of employees to which Mrs. Odom belonged, and as the exclusive representative for purposes of collective bargaining with respect to rates of pay, wages, hours of employment, and other working conditions.

The trial court granted appellee's motion for judgment non obstante veredicto that appellants take nothing. Appellants have perfected their appeal and bring forward eight points of error.

Mrs. Odom went to work for the appellee on August 21, 1951, as a high explosive operator. In April, 1957, she sustained an injury. She was given a temporary layoff because of injury, but went back to work on several occasions. She was unable to do the work, and was again given a temporary layoff on July 25, 1957. On September 11, 1957, appellee addressed to Mrs. Odom a letter in which they advised her that she was being severed from the payroll of the company, effective August 28, 1957, due to a reduction in force. This was in effect a permanent layoff. Mrs. Odom was not on the payroll of appellee at the time of the permanent layoff notice, but we do not find anything in the constitution or articles of agreement that prevents such layoff. She has not since been permitted to return to work.

Mrs. Odom testified in the trial that she had been unable to work from the time of the temporary layoff until June 15, 1959. She further testified that she went to the office of appellee on said date and requested that they put her back on duty. She did not furnish the appellee with a doctor's statement covering the entire period of her illness as required by the last sentence in

295

Sec. 15(b) of Art. IV of the contract between appellee and the Union.

Sec. 7(d) of the contract reads as follows:

"7. An employee's seniority shall be broken for any of the following reasons:

\* \* \* \* \* \*

"(d) Whenever he has been on layoff for more than twelve (12) months from the bargaining unit."

Mrs. Odom had been on leave for more than twelve consecutive months. She did not furnish the appellee with a doctor's statement, as required by the contract.

 Mrs. Odom filed complaint on June 27, 1959, in which she complained of the fact that she had not been recalled to work, and that her seniority was being violated. The hearing was had on the complaint on July 2, 1959, and the Company denied the same on the ground that she had been on layoff for more than twelve (12) consecutive months. The Union agreed to the finding. We do not find any violation of the contract in the record.

Texas courts have made it clear that they will not interfere with the decisions of the tribunals authorized under an agreement between the parties making bona fide settlements of controversies over seniority rights predicated on a collective bargaining agreement. Screwmen's Benev. Ass'n v. Benson, 76 Tex. 552, 13 S.W. 379; Grand International Brotherhood of Locomotive Engineers et al. v. Marshall et al., Tex.Civ.App., 119 S.W.2d 908, w/r; Brotherhood of Railroad Trainmen et al. v. Johnson et al., Tex.Civ.App., 133 S.W.2d 182, n. w. h.; Grand International Brotherhood of Locomotive Engineers et al. v. Marshall et al., Tex.Civ.App., 146 S.W.2d 411, w. r.; Brotherhood of Railroad Trainmen et al. v. Price, et al., Tex.Civ.App., 108 S.W.2d 239, wr. dism.; Swilley v. Galveston, H. & S. A. Ry. Co. et al., Tex.Civ.App., 96 S.W. 2d 105, wr. dism.; St. Louis B. & M. Ry. Co. v. Booker, Tex.Civ.App., 5 S.W.2d 856; Id., 279 U.S. 852, 49 S.Ct. 348, 73 L.Ed. 995.

It is noted that Mrs. Odom sued the Company and charged it with a violation of the collective bargaining agreement between the Union, of which she was a member, and the appellee. Under the evidence in the case, it was not necessary that any issues be submitted to the jury, and the trial court was right in its judgment. Jenkins v. William Schluderberg—T. J. Kurdle Company, 217 Md. 556, 144 A.2d 88; DiRienzo v. Farrand Optical Company, Inc., Mun.Ct., 148 N.Y.S.2d 587; Ostrofsky v. United Steelworkers, D.C., 171 F.Supp. 782; Parker v. Borock, as Receiver of Vogues Manufacturing Company, Inc., 5 N.Y.2d 156, 182 N.Y.S.2d 577, 156 N.E.2d 297.

The appellants' points are overruled, and the judgment of the trial court is affirmed.