The **BLACK–CLAWSON COMPANY, Inc.
PAPER MACHINE DIVISION,**
Plaintiff,

v.

**INTERNATIONAL ASSOCIATION OF
MACHINISTS, LODGE 355,
DISTRICT 137,**
and
**Theodore A. Best, Defendants.**
**Civ. No. 8804.**

United States District Court
N. D. New York.
April 25, 1962.

Dunk, Conboy, McKay & Bachman, Watertown, N. Y., and Taft, Stettinius & Hollister, Cincinnati, Ohio, Robert J. Maloney, Watertown, N. Y., and Frank H. Stewart, Cincinnati, Ohio, of counsel, for plaintiff.

Blitman & Carrigan, Syracuse, N. Y., for defendant International Ass'n of Machinists Lodge 355, District 137.

Carroll & Amyot, Saratoga Springs, N. Y., James F. Carroll, Saratoga Springs, N. Y., of counsel, for defendant Theodore A. Best.

BRENNAN, Chief Judge.

The crux of the controversy, submitted by these motions, involves principally the right of an individual employee, a Union member, to invoke the grievance procedure provided in a collective bargaining agreement.

The Black-Clawson Company, Inc., hereinafter referred to as "Black" or the "employer", through its paper machine division, is engaged in a manufacturing operation at Watertown N. Y. During all the pertinent times here involved, it was a party to a collective bargaining agreement with the International Association of Machinists, Lodge 355, District 137, hereinafter referred to as the "Union", which is a labor organization, acting as the exclusive bargaining representative for certain employees of the plaintiff. The defendant Best was an employee of Black from June 4, 1951 until May 8, 1961 when his employment was terminated by a written notice given by the employer. During the above period, Best was a member of the Union. He appears to assert that his discharge was in violation of the collective bargaining agreement. Both Best and the Union take the position that the above action of the employer constituted a grievance and the procedure outlined in the agreement for the settlement thereof was properly and effectively invoked. The requirements of such procedure are summarized below.

Article XX, entitled "Grievance Procedure", provides that a grievance, as defined therein, shall be settled in accordance with four distinct procedural steps. Step 1 requires that the grievance "shall be taken up orally by the aggrieved employee and a member of the Union Committee if he so desires * * *" with the Department Foreman within three working days after the grievance becomes known by the employee or by the Shop Committee. The Foreman will give his answer within two working days. If no settlement is reached, the grievance will be reduced to writing upon the proper form and the Foreman will record his answer thereon. Step 2 provides that the Shop Committee may then present the written grievance to the Plant Superintendent who must meet with the Committee and give his written answer within four working days. Step 3 provides that the Shop Committee may request a meeting with the Director of Personnel within four days after receiving the written answer required in Step 2. The Director of Personnel shall hear the grievance and give his answer within ten days. Step

4 provides that within fifteen days after receipt of the answer required in Step 3, the grieving party may submit the grievance to arbitration by serving notice to the other party and submitting a letter of intent to arbitrate to the Federal Mediation and Conciliation Service.

The merits of Best's contention are not before this court and only brief reference will be made thereto in outlining the steps taken by the defendants in their attempted invocation of the grievance procedure.

On October 1, 1959, upon Best's application, he was granted a sick leave. After some correspondence involving Best's physical condition and a discussion between Best and the personnel director of the plaintiff, his employment was terminated by a writing, entitled "Employee's Release" dated May 8, 1961, signed by a foreman and the superintendent of the employer. The reason given for such release was "Failure to return to work at termination of sick leave". The above notice or release was mailed to Best and a copy thereof given to the Union. Best was at that time in Florida and he did not receive the notice until the latter part of the month of May 1961.

Upon receipt of the notice, or within three days, Best protested the action taken apparently by oral discussion with the employer and "through" the Union. He also made an unsuccessful effort to interview the superintendent of the Black Company relative to the action. He made no effort to contact his foreman but it is apparent that the above action was considered by Best as the first step in the procedure outlined in the bargaining agreement for the presentation of a grievance and the ultimate determination thereof.

On June 12, 1961, a conference was held at the office of the employer which was attended by Best, a representative of the Union, and the representatives of the employer. It is apparent that the grievance relative to Best's discharge was discussed and "the grievance was denied". Defendants contend that such conference satisfied the requirements of the second step in the outlined procedure.

Best then attempted to take the third step in the grievance procedure by filing a written grievance form, signed by a steward and himself, with the employer on June 14, 1961. On June 21, 1961, the employer, through its personnel director, gave its answer to the president of the Union by letter, the body of which is in the following language—

"This is in answer at the Third Step to Grievance No. 00628 instituted by Theodore Best.

"The Grievance is denied. Management's action, which the Union is protesting, has not violated the Contract and further, this Grievance is untimely."

On July 5, 1961, Best mailed to the employer a letter invoking Step 4 of the grievance procedure and requested arbitration of the grievance involved. It is sufficient to say that the employer thereafter indicated that it was not agreeable to arbitration and that the Federal Mediation and Conciliation Service on two occasions thereafter declined to proceed in the matter.

On August 21, 1961 a letter was written to the Federal Mediation and Conciliation Service, signed by the employer, and the Union, in effect advising that they construed the collective bargaining agreement, insofar as the grievance procedure was concerned, as permitting the requested arbitration only by either of the parties to the agreement; that is, the employer and the Union, and not by an individual member of the Union.

Under date of October 3, 1961, the Union, by a writing addressed to the employer, requested that the Union and the employer agree mutually to submit the grievance of Mr. Best to arbitration. The request was refused under date of October 10, 1961.

Plaintiff invokes the provisions of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, and the Declaratory Judgment Act, 28 U.S.C. § 2201 and

has commenced this action to declare the rights of the litigants in the matter of the requested arbitration of the grievance involved. Each of the defendants has separately answered the complaint. The plaintiff has moved for a summary judgment, the motion being based upon the pleadings and an affidavit with exhibits attached. The defendants have cross-moved for summary judgment directing that the employer be required to arbitrate said grievance and has also submitted a supporting affidavit. None of the litigants questions the jurisdiction of the court and all litigants appear to take the position that no material fact question is involved. The motions have been argued; briefs have been filed and the matter is before the court for decision.

Defendants' contentions seem to have two facets—(1) that Best, as an individual member of the Union, may and has legally invoked the grievance procedure in accordance with the bargaining agreement so as to require that the employer submit the grievance to arbitration; (2) that Best, as an individual, has presented his grievance to the employer for adjustment under the provisions of Section 9(a) of the Labor Management Relations Act, 29 U.S.C. § 159(a) and is entitled to require and has legally invoked the processing thereof in accordance with the procedure provided in the bargaining agreement. The plaintiff asserts that Best has no legal right under the agreement to enforce the grievance procedure. Plaintiff further contends that even if it be considered that Best has availed himself of his individual right under Section 9(a) and that the provisions of the agreement are available to him under its terms, he has not complied with the procedural requirements.

█ Best's contention that he, as an individual member of the Union, is authorized to pursue the grievance procedure provided in the collective bargaining agreement, will be first discussed. This contention is based upon the language of the agreement itself as representing the intent thereof. Reliance is principally based upon the definition of a grievance as " * * * meaning any dispute between the company and the Union or between the Company and any employee * * * " and the provision of Section 4 of the grievance procedure which provides that " * * * the individual grievance shall be processed in accordance with the provisions of this agreement."

The contention is contrary to the express language of the document, the intent of the parties thereto and the underlying purpose of collective bargaining. Black and the Union were the sole parties to the agreement. The distinction between the rights of employee members of the Union and parties to the agreement is implicit in the language of the agreement itself. This is apparent from the language in Section 3 of the outlined procedure where provision is made for a payment to "aggrieved employees". Any doubt as to the interpretation of the agreement is dissolved by the letter or document of August 21, 1961, signed by the employer and the Union in which it is stated in substance that the parties to agreement interpret same and intend that the words "grieving party", as set forth in Step 4, refer to the parties to the contract, that is: "the Company or the Union".

The definition of a grievance does not support Best's contention. The definition does not create a right. The right of the employee under this agreement as far as pertinent here is limited to Step 1. Thereafter the right to progress from step to step is vested in the parties to the agreement or their representatives. The "individual grievance" in Section 4, referred to by defendants, applies only to action by an employee under a particular statute and does not add to the contract rights of the parties to the agreement.

The defendants cite only the case of Gilden v. Singer Mfg. Co., 145 Conn. 117, 139 A.2d 611 which may be distinguished by the language of the outlined grievance procedure or if not so distinguished would seem to be contrary to the weight

822

of authority. The decisions in United States v. Voges, D.C., 124 F.Supp. 543; Ostrofsky v. United Steelworkers of America, D.C., 171 F.Supp. 782; Falsetti v. Local Union 2026, 400 Pa. 145, 161 A.2d 882; and Parker v. Borock, 5 N.Y.2d 156, 182 N.Y.S.2d 577, 156 N.E. 2d 297 are so similar to the contention advanced here and discuss the underlying principles which control, so fully as not to require repetition. In concluding that Best, as an individual member of the Union has no right to invoke the arbitration provision of the agreement, the language of Judge Fuld in the last cited case at page 162, 182 N.Y.S.2d at page 582, 156 N.E.2d at page 300, is quoted:

"Accordingly, absent specific language giving the employee the right to act on his own behalf, it is my conclusion that, under a collective bargaining agreement such as the one before us—which contains provision for the submission of unsettled disputes to arbitration—the union alone has a right to control the prosecution of discharge cases."

Best next contends that Section 9(a) of the Labor Management Relations Act, 29 U.S.C. § 159(a), authorizes the individual presentation of his grievance to the employer and the bargaining agreement authorizes its prosecution by him to arbitration.

 Without doubt, the statute provides for the individual presentation of a grievance of an employee and its adjustment without Union intervention. Its purpose is to protect the rights of the individual employee especially from the action or inaction of an unfriendly or non-cooperating representative. The statute does not provide for arbitration, which is a matter of contract (United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, at 582, 80 S.Ct. 1347, at page 1352, 4 L.Ed.2d 1409), or outline the procedure for such adjustment. Best therefore embraces the procedure found in Section 4 of the Grievance Article of the agreement which provides that when an employee exercises his right under Section 9(a): "In such case, however, the individual grievance shall be processed in accordance with the provisions of this agreement".

Assuming that Best is a third-party beneficiary of the above provision of the bargaining agreement (Parker v. Borock, supra), he is in the awkward position of asserting that the single attempt to invoke the grievance procedure satisfies both the provisions of the agreement considered alone and the same provisions considered as a part of his individual action taken under Section 9(a). The difficulty with such contention is apparent. The employer has no knowledge of whether he is dealing with the Union as the representative of the employee or is dealing with the employee individually in a proceeding where the rights of the Union are limited by statute. Having in mind that the purpose of the law is to afford an opportunity for the simple and speedy settlement of labor disputes, it would seem that the statute and the agreement should be construed as permitting but one invocation of the grievance procedure in the absence of a showing of bad faith or lack of cooperation on the part of the Union. Dual handling of grievances may be permissible under some circumstances (N. L. R. B. v. North American Aviation, 9 Cir., 136 F.2d 898) but only chaos will result when, as here, there is no indication given that the grievance is being prosecuted in a single proceeding where the rights and obligations of the parties thereto are distinct.

Best's argument under this point may be reduced to the contention that if he had no rights to process his complaint under the terms of the agreement, his actions relative thereto will justify his claim under Section 9(a) and the related provision of the agreement. A short answer is that: (1) Best at no time indicated that he was proceeding under Section 9(a); (2) he did not take up his grievance with the Foreman or reduce same to writing as required in Step 1; (3) he did not present the written grievance to the Plant Superintendent as required in

Step 2; (4) he did not request the hearing with the Director of Personnel as required in Step 3 but relied upon a form intended for use by the Union in its prosecution of a grievance as indicated by the employer's reply thereto, addressed to a Union officer; (5) there is no showing that he mailed or delivered the letter of intent to arbitrate as required in Step 4.

 We are not dealing with a question of waiver here. It is inescapable but that the employer considered that it was dealing with the Union in the procedure followed and not with the individual. Whatever argument could be made as to a waiver of strict compliance of the procedure insofar as the Union is concerned, same is not available to the individual. The remedy afforded by Section 9(a) is not available to the plaintiff.

Although not particularly urged here, it should be made clear that arbitration may not be enforced by the Union. The above statement follows because even if it be considered that the first three steps are deemed to have been taken by the Union, its letter of October 3, 1961 is untimely and insufficient to meet the requirements of Step 4.

The citation of the decision in Brass & Copper Workers, etc. v. American Brass Co., 7 Cir., 272 F.2d 849 and United Brick & Clay Workers, etc. v. Gladding, McBean & Co., D.C., 192 F.Supp. 64 are sufficient to conclude that the failure to follow the proscribed procedure, which would result in arbitration, forecloses court action to enforce same.

Although plaintiff seeks in its complaint a holding that the grievance involved is not a proper subject of arbitration under the agreement, the contention has not been briefed and will not be decided here. Such a problem is usually determined as a preliminary matter (United Brick & Clay Workers, etc. v. Gladding, McBean & Co., supra 66–67), but the circumstances of the submission of the motions permits the decision to rest upon grounds discussed above.

The plaintiff's motion for a summary judgment is granted to the extent that each of the defendants is restrained from taking legal action based entirely or in part upon the terms of the bargaining agreement to compel the arbitration of the grievance of Theodore A. Best arising out of the termination of his employment by the plaintiff on or about May 8, 1961. The defendants' cross-motion for a summary judgment is denied, and it is

So ordered.