James WHITE, Plaintiff,

v.

GENERAL BAKING COMPANY, a corporation authorized to do business in New Jersey, and Bakery Drivers and Salesmen Local 194, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendants.

Civ. A. No. 1018–63.

United States District Court
D. New Jersey.

Oct. 21, 1964.

---

John A. Craner, Elizabeth, N. J., for plaintiff.

Toner, Crowley, Woelper & Vanderbilt, by Willard G. Woelper, Newark, N. J., for defendant General Baking Co.

Kapelsohn, Lerner, Leuchter & Reitman, by ·Sidney Reitman, Newark, N. J., for defendant Bakery Drivers and Salesmen Local 194, etc.

## OPINION

AUGELLI, District Judge.

Plaintiff, James White (White), brought this action in the Superior Court of New Jersey against defendant General Baking Company (General), to compel General to submit to arbitration the propriety of plaintiff's discharge from his employment, which discharge is claimed to be in violation of a Collective Bargaining Agreement (Agreement) in force between General and defendant Bakery Drivers and Salesmen Local 194 (Local) or, in the alternative, to reinstate plaintiff to his job with back pay. General removed the case to this Court, alleging federal jurisdiction under section 301(a) of the Labor Management Relations Act of 1947 (Act), 29 U.S.C.A. § 185(a).

The Court has subject matter jurisdiction of this action, pursuant to section 301(a) of the Act, to hear claims brought by individuals which allege a breach of a collective bargaining contract. Smith v. Evening News Ass'n, 371 U.S. 195, 200, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962); Belk v. Allied Aviation Service Co. of New Jersey, Inc., 315 F.2d 513, 515 (2 Cir. 1963). The case is therefore properly removed. However, whether plaintiff has standing to enforce the arbitration clause of the Agreement is a separate issue, which is discussed infra. Smith v. Evening News Ass'n, supra, 371 U.S. page 201, n. 9, 83 S.Ct. page 270.

By consent of the parties, Local was allowed to intervene as a party defendant. All parties have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and affidavits and briefs in support of the motions have been submitted to the Court.

The basic facts necessary for a decision of the issue presented are not in dispute. White had been in the employ of General for 15 years, and was a member of defendant Local at the time of his discharge. On or about February 24, 1962, White, who worked as a truck driver, notified General that his driver's license had been suspended for a period of 30 days, but that in about 10 days he could

receive a special license which would allow him to drive for General. The suspension of White's driver's license did not result from any conduct connected with his employment. White requested that he be immediately given the three weeks' vacation with pay to which he claimed he was entitled. Instead of complying with this request, General discharged him. Subsequently White was given his vacation pay.

White then notified the Shop Committee of Local of his discharge and asked that the propriety thereof be submitted to arbitration under the Agreement. After an investigation into the matter Local's Shop Committee refused to submit the question to arbitration. The union officers and executive board also refused to request arbitration with General. White made no further appeals within the union hierarchy, but demanded, in his own name, that General submit the matter of his discharge to arbitration. General refused.

The circumstances that gave rise to General's discharge of White and the basis of Local's refusal to seek arbitration in his behalf are not relevant to a decision in this case. The threshold issue is whether or not plaintiff, in his own name, has standing to compel arbitration under the Agreement. The Agreement provides in Article XIX that any disagreement or dispute *between the parties* in any manner connected with the Agreement, which cannot be adjusted directly between the parties, shall be referred to arbitration.

■ At the outset, it should be pointed out that, under section 301(a) of the Act, "[f]ederal interpretation of the federal law will govern, not state law." Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 457, 77 S.Ct. 912, 918, 1 L.Ed.2d 972 (1957). Section 9(a) of the National Labor Relations Act, 29 U.S.C.A. § 159 (a), after stating that the selected representatives shall be the exclusive bargaining unit for all employees, contains the following language:

"*Provided,* That any individual employee or a group of employees shall have the right at any time to present grievances to their employer and to have such grievances adjusted, without the intervention of the bargaining representative, as long as the adjustment is not inconsistent with the terms of a collective-bargaining contract or agreement then in effect: *Provided further,* That the bargaining representative has been given opportunity to be present at such adjustment."

This statutory language has been interpreted to mean that an individual employee may only "request a hearing before an official of the company", but not compel arbitration. Ostrofsky v. United Steelworkers of America, 171 F.Supp. 782, 791 (D.Md.1959), aff'd 273 F.2d 614 (4 Cir. 1960); and Black-Clawson Co., Inc., etc. v. International Ass'n of Mach., 313 F.2d 179, 185 (2 Cir. 1962); Cox, Rights Under a Labor Agreement, 69 Harv.L.Rev. 601, 624 (1956). However, strong dicta in at least one case expresses the view that section 9(a) gives an employee "a statutorily-vested right to present his grievance to, and to have it determined by, his employer when the union declines to process it in his behalf." Donnelly v. United Fruit Co., 40 N.J. 61, 87, 190 A.2d 825, 839 (1963). See also Hughes Tool Co. v. National Labor Relations Board, 147 F.2d 69, 73, 158 A.L.R. 1165 (5 Cir. 1945); Summers, Collective Power and Individual Rights in the Collective Agreement, 72 Yale L.J. 422, 439–41 (1963); Blumrosen, The Worker and Three Phases of Unionism: Administrative and Judicial Control of the Worker-Union Relationship, 61 Mich.L.Rev. 1435, 1494 (1963).

Other courts have considered this question of standing without reference to section 9(a). Some have held that the collective bargaining contract only contemplates the union and the employer as parties for purposes of arbitration, and thereby precludes a demand for arbitration by an individual. Procter & Gamble Ind. Union, etc. v. Procter & Gamble Mfg. Co., 312 F.2d 181, 184 (2 Cir. 1962); United States v. Voges, 124 F. Supp. 543 (E.D.N.Y.1954); Local Union

No. 12405, Dist. 50, U. M. W. v. Martin Marietta Corp., 328 F.2d 945 (7 Cir. 1964). Others have permitted suit by an individual in this situation. See Woodward Iron Company v. Ware, 261 F.2d 138 (5 Cir. 1958).

The authorities favoring individual standing to compel arbitration or to sue for damages point out that this right prevents union abuse of individual or minority interests. Danau, Employee Participation in the Grievance Aspect of Collective Bargaining, 50 Colum.L.Rev. 729, 759 (1950). On the other hand, not giving an individual standing allows efficient processing of grievances by a union and an employer, resulting in uniformity in "the law of the plant", and prevents instability and disorder in the employment relation. Cox, Rights Under a Labor Agreement, 69 Harv.L.Rev. 601, 625–26 (1956). Under this latter view, two alternative remedies have developed: (1) an employee is allowed to bring suit against the employer when he can prove the union acted unfairly, Jenkins v. Wm. Schluderberg-T. J. Kurdle Co., 217 Md. 556, 575, 144 A.2d 38, 39 (1958); or (2) an employee's only remedy is against his own union. Parker v. Borock, 5 N.Y.2d 156, 182 N.Y.S.2d 577, 156 N.E.2d 297 (1959).

In a recent case, Humphrey v. Moore, 375 U.S. 335, 349, 84 S.Ct. 363, 372, 11 L. Ed.2d 370 (1964), the Supreme Court has stated that "a union must be free to sift out wholly frivolous grievances which would only clog the grievance process." To allow the individual to compel arbitration of disputes the union has sifted out as non-meritorious would also clog the arbitration process. As stated by the Court of Appeals in Black-Clawson Co., Inc., etc. v. International Ass'n of Mach., 313 F.2d 179, 186 (2 Cir. 1962):

"Chaos would result if every disenchanted employee, every disturbed employee, and every employee who harbored a dislike for his employer, could harass both the union and the employer by processing grievances through the various steps of the grievance procedure and ultimately by bringing an action to compel arbitration in the face of clear contractual provisions intended to channel the enforcement remedy through the union."

This Court is of the opinion that White has no standing, in his own name, to compel arbitration under the Agreement. There is no allegation in this case that Local was guilty of misconduct in refusing to seek arbitration with General on behalf of White. The Court believes that this determination will promote the interests of efficiency, stability, and uniformity in union-management grievances and arbitration procedure, and will serve to strengthen the relationships between a union and an employer in the collective bargaining process.

In view of the Court's conclusion that White does not have standing, it will not be necessary for the Court to consider other issues raised by defendants as to whether, under the terms of the Agreement, Local itself could compel General to arbitrate the question of White's discharge, and also whether White's demand of Local and of General for arbitration was a sufficient exhaustion of remedies under the Agreement.

Since it has been determined that White has no standing under the Agreement to compel arbitration, his alternative claim for reinstatement with back pay must also be denied.

Under these circumstances, the motions of General and Local for summary judgment will be granted, and White's motion for such relief will be denied. Counsel for General will please submit an appropriate order on notice to other counsel.