**Morton SAVODNIK, Individually and on behalf of Others Similarly Situated, Plaintiff,**

v.

**KORVETTES, INC., the Committee of the Retirement Plan of Korvettes, Inc., and the Trustees of the Retirement Plan of Korvettes, Inc., Defendants.**

**No. 78C 43.**

United States District Court, E. D. New York.

May 28, 1980.

---

Gitomer, Schwimmer & Gitomer, Forest Hills, N. Y., for plaintiff; Frederic J. Gross, Haddenfield, N. J., and Gary B. Berns, Forest Hills, N. Y., of counsel.

Parker, Chapin, Flattau & Klimpl, New York City, for defendants; Peter M. Panken and Barbara M. Ryniker, New York City, of counsel.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Defendants' motion for reargument of their motion to (i) dismiss or in the alternative (ii) amend the decision to certify that the decision contains a controlling question of law pursuant to 28 U.S.C. § 1292(b), is denied.

### I

Defendants complain that the Court failed to recognize in its opinion that the defendants had in their papers not conceded that plaintiff's termination was wrongful[1] and that there were good and valid reasons for plaintiff's termination. Defendants forget or overlook, however, the basic rule on a motion to dismiss which was recently restated by the court in *McNulty v. Borden, Inc.*,[2] 474 F.Supp. 1111 at 1113 (E.D.Pa. 1979):

---

1. Our recollection is that on the oral argument, defense counsel conceded (in retrospect, apparently for the sake of argument) that plaintiff's termination was, as he claimed, solely to deprive him of his pension benefits. As indicated in the text, however, it is immaterial because for present purposes we must, and do accept plaintiff's allegations to be true.

2. *McNulty v. Borden, Inc.*, interestingly enough, also involved a Rule 12(b)(6) motion to dismiss a complaint alleging *inter alia* an alleged wrongful discharge of an employment at will contract "where the employer is motivated by a specific intent to cause harm to the employee or where a clear mandate of public policy is violated by the discharge . . . (citing cases)", 474 F.Supp. 1111 at 1119. The Court [Broderick, J.] there, as we have here, denied such motion.

**1012**

"For the purpose of a motion to dismiss, the material allegations of the complaint must be accepted as true and considered in a light most favorable to the plaintiff; a complaint should not be dismissed unless it appears to a certainty that the plaintiff is entitled to no relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); 2A Moore, Federal Practice ¶ 12.08 at 2271–74."

We intended to do, and did, no more in our opinion than accept plaintiff's allegations as true for the purposes of the motion. The facts, as defendants suggest, may be proved to be otherwise at a trial, but we cannot assume such to be the case at this juncture.

## II

Our opinion as to the law of New York with respect to a claimed "wrongful" or "abusive" discharge is sufficiently set forth in our memorandum of April 23, 1980. We are fully cognizant of the fact, and indeed we stated, that "no case in New York has yet recognized the tort of abusive discharge", but at the same time we stated that "precedent does suggest New York courts will do so when presented with the proper case." We only held that we believe that plaintiff's particular allegations (which we assumed, as we must, to be true) were sufficient to present such a case. Whether plaintiff's proof will in fact present such a case remains to be seen.

## III

 Defendants further complain that plaintiff is not entitled to relief on his wrongful discharge claim because he is seeking Workmen's Compensation benefits chargeable to a subsequent employer for a heart attack which he allegedly sustained as a result of such discharge. Assuming *arguendo* such to be the case, it is not clear, nonetheless, that plaintiff's claim for damages is based solely on his heart attack and this too will have to await a future day for determination.

## IV

Finally, this is not an appropriate case for a Section 1292(b) certification. Resolution of the abusive discharge claim may not necessarily be dispositive of this case since other claims remain outstanding, one or more of which appear to involve substantially the same evidence as will be required for the trial of the abusive discharge claim. Accordingly, and for reasons stated in *McNulty v. Borden, Inc.*, 474 F.Supp. 1111 at 1120, which are equally applicable here, we decline to grant a Section 1292(b) certification here.

## CONCLUSION

Defendants' motion for reargument or certification is denied.

SO ORDERED.