■ RICHARD B. KING, Appellant, v CORNELL UNIVERSITY, Respondent. — Appeal from an order of the Supreme Court at Special Term, entered July 3, 1980 in Tompkins County, which granted a motion by defendant for summary judgment dismissing the complaint. This is an action for wrongful discharge and breach of contract. In 1969, plaintiff was employed by defendant Cornell University as an investment officer and, among other things, he managed the university's bond portfolio. On January 17, 1979, he was orally discharged by the vice-president of the university. Plaintiff's ultimate termination of employment precipitated the instant litigation. The record reveals that no written contract of employment was ever executed between the parties; that in 1972 defendant adopted a supervisor's personnel manual which provided, *inter alia,* grievance procedures and conditions for discharge of an employee; that in 1975 plaintiff's job performance began to deteriorate and plaintiff's supervisor attributed it to alcoholism; that at the time plaintiff was orally discharged a six-page letter was placed in his file describing plaintiff's condition; that plaintiff maintained that pressures and stresses of his job resulted in a "nervous break down" and attributed his condition to medication, not alcohol; that to protect his future, plaintiff voluntarily resigned with the understanding that the letter would be removed from his file; and that plaintiff thereafter attempted to withdraw his resignation and file a grievance, but neither was permitted. The instant action was brought, and on motion of defendant Special Term granted summary judgment dismissing the complaint. This appeal ensued. Initially, on this appeal, plaintiff contends that his resignation was coerced and questions of fact are raised on this issue which could not properly be resolved on summary judgment. He also argues, *inter alia,* that his initial employment was modified by the personnel manual resulting in a written agreement of employment and also that his termination amounted to an abusive discharge. We disagree with these contentions and are to affirm. Concededly, the initial employment was pursuant to an oral agreement and it did not contain any particular term or duration. Consequently, it was a hiring at will and could be terminated by either party at any time for any or for no reason (see *Town & Country House & Home Serv. v Newbery,* 3 NY2d 554, 561) and neither party has a cause of action against the other for the termination *(Parker v Borock,* 5 NY2d 156, 159). We also reject plaintiff's contention that his employment at will was modified by the personnel manual. The manual was not adopted until 1972, three years after the hiring of plaintiff, and he never received a copy of it until he became involved in the instant litigation. An examination of the manual demonstrates that it does not define plaintiff's position in terms of duration or specific compensation. It merely provides policy guidelines and not exclusive, enforceable discharge procedures. It did not, in our view, modify plaintiff's employment at will (see *Edwards v Citibank, N.A.,* 74 AD2d 553). We are also of the opinion from our examination of the record in its entirety that plaintiff's resignation was voluntary and no issues of fact in this regard were presented. We

have considered all other arguments urged by plaintiff for reversal and find them unpersuasive. Order affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.