■ COUNTY OF WESTCHESTER et al., Appellants, v DONALD MAHONEY, Respondent. — In a proceeding to stay arbitration, petitioners appeal from a judgment of the Supreme Court, Westchester County (Burchell, J.), dated March 16, 1981, which denied the petition and granted respondent's cross petition to compel arbitration. Judgment affirmed, with $50 costs and disbursements. Respondent, Donald Mahoney, a tenured professor of political science at petitioner Westchester Community College, demanded arbitration of a dispute that followed upon an exchange of letters between Mahoney and petitioner Hankin, president of the college. The correspondence was initiated by Hankin. The demand was based on the collective bargaining agreement existing between the Westchester Community College Federation of Teachers and the County of Westchester. Petitioners moved to stay arbitration on the ground that the arbitration provisions of the agreement did not allow an individual to invoke the provisions. Rather, asserted petitioners, by its terms, arbitration of an unsettled grievance could be had "at the request of the College or Union" and that neither of those had so requested. Respondent answered and cross-petitioned to compel arbitration, alleging that the arbitration provisions could be invoked by him as an individual based on the terms of four paragraphs of the grievance procedure preceding the arbitration clause. Although the lan-

guage of Step No. 3 of the grievance procedure set forth in the collective bargaining agreement appears to be unambiguous in limiting the right to compel arbitration to the "College or Union", when the grievance procedure section of the agreement is considered as a whole, as it must be (see, e.g., *Parker v Borock,* 5 NY2d 156, 161; 4 Williston, Contracts [3d ed], § 618, p 710; see, also, *Proctor & Gamble Ind. Union of Port Ivory v Proctor & Gamble Mfg. Co.,* 312 F2d 181, 185), it becomes clear that such a limitation was not intended. To read Step No. 3 as petitioners urge would render at least three other provisions of the grievance procedure section unreasonable. We reject such a reading (see 4 Williston, Contracts [3d ed], § 619, p 731). Beginning with the statement of intent of the grievance procedure, the agreement confers an indefeasible right upon an individual faculty member to compel compliance with the grievance procedure through all the steps thereof. The statement of intent provides: *"Every faculty member shall have the right to present his grievances to the College free from interference,* coercion, restraint, discrimination or reprisal on the part of the College administration, *and shall have the right to be represented in all stages thereof. The grievant may choose an individual or the Union to represent him"* (emphasis added). Step No. 1 provides that "[a]ny [individual] grievance under this Agreement shall be processed in the first instance by the faculty member involved, and his Union representative, if *requested by the faculty member"* (emphasis added). If the agreement is not adjusted at the first step, the parties may proceed to Step No. 2, which provides that "the faculty member *or the Union at the employee's request* may \* \* \* take up such grievance with the President" (emphasis added). There are three other provisions of Step No. 2, two of which concern "Union-College or College-Union" grievances (as distinguished from individual grievances). Step No. 3 authorizes arbitration of a grievance not adjusted at Step No. 2, "at the request of the College or Union". No explanation is given (if it were the intent to cut off *individual* grievances from Step No. 3) of what an individual grievant is to do in light of the previous rights given him in this section of the agreement, including those outlined in the statement of intent. We are satisfied that the individual has the right under the terms of the agreement to demand arbitration and that the record so demonstrates. The present agreement is the fifth between the union and the county. In the first three, the words, "either party" were used in Step No. 3 of the grievance procedure. The words "College or Union" first appeared in the fourth agreement. The fifth agreement contains the identical grievance section as the fourth. The change that was intended in Step No. 3 was the substitution of arbitration for a "three-man grievance board". The additional change went unnoticed. The present agreement otherwise carries forward, virtually intact, the rights given to an individual grievant in the statement of intent and in Step Nos. 1 and 2 of the first three agreements. If the words "either party" had remained, arbitration would have been available to the college or individual grievant, with such representation as he or she chose, and to the college or union for college-union grievances, i.e., nonindividual grievances. Margett, J. P., O'Connor, Weinstein and Thompson, JJ., concur.