■ JOHN PAVOLINI, Respondent-Appellant, v BARD AIR CORP. et al., Appellants-Respondents. — Appeal and cross appeals (1) from an order of the Supreme Court at Special Term (Yesawich, Jr., J.), entered September 21, 1981 in Cortland County, which denied defendants' motion to dismiss the complaint, and (2) from an order of said court (Fisher, J.), entered October 2, 1981 in Cortland County, which denied plaintiff's motion to sever defendants'

---

counterclaim and denied defendants' cross motion to, *inter alia,* dismiss plaintiff's claim for punitive damages. Plaintiff was employed by defendant Bard Air Corporation, a subsidiary of defendant the Barden and Robeson Corporation. His employment was terminated on September 4, 1979. He brought this action seeking both compensatory and punitive damages alleging that he was wrongfully terminated because he reported defendant Bard Air's safety violations to the Federal Aviation Administration and refused to falsify flight records. Defendants, in their answer, counterclaimed seeking money damages based on plaintiff's slander and libel. Special Term denied defendants' motion to dismiss the complaint. Defendants appeal from that order. Plaintiff thereafter moved to sever defendants' counterclaim. Defendants cross-moved to dismiss plaintiff's claim for punitive damages and for dismissal of plaintiff's second cause of action alleging that his termination violated the public policy of New York State and his third cause of action alleging the intentional infliction of severe mental distress. Defendants also sought permission to amend their answer. In addition, defendant the Barden and Robeson Corporation requested summary judgment dismissing the complaint as against it. All these motions were denied and both plaintiff and defendants appeal from that order. Concededly, plaintiff was an at will employee. It is well established that such an employee may be terminated at any time without cause (*Walford v British Caledonian Airways,* 52 AD2d 922; *Cartwright v Golub Corp.,* 51 AD2d 407, 409) and an action for wrongful discharge will not lie (*Parker v Borock,* 5 NY2d 156; *King v Cornell Univ.,* 81 AD2d 712). Plaintiff attempts to fashion a cause of action based on an exception to this well-established principle by alleging that his discharge was in violation of a public policy of New York State. Although there was some indication by the Supreme Court at Special Term in *Chin v American Tel. & Tel. Co.* (96 Misc 2d 1070, affd 70 AD2d 791, mot for lv to app den 48 NY2d 603) that a cause of action for abusive discharge might lie where public policy has been violated, the court refused to recognize such a cause of action in that case and dismissed the complaint. We find no case in this State wherein a cause of action for abusive discharge based on a violation of public policy has been sustained and we are unable to subscribe to such a cause of action in light of the well-established principle that an at will employee may be discharged at any time without cause. Consequently, the order entered September 21, 1981 must be reversed and the complaint dismissed. In view of this conclusion, the appeals taken from the order entered October 2, 1981 are academic. Order entered September 21, 1981, reversed, on the law, with costs, and complaint dismissed. Appeals from order entered October 2, 1981, dismissed, without costs, as academic. Mahoney, P. J., Sweeney, Casey and Mikoll, JJ., concur.

Levine, J., dissents and votes to affirm in the following memorandum. Levine, J. (dissenting). New York should join the States which have recognized the doctrine of abusive discharge in instances of retaliatory dismissals in violation of public policy (*Savodnik v Korvettes, Inc.,* 488 F Supp 822, mot for rearg or cert den 489 F Supp 1010; *Harless v First Nat. Bank in Fairmont,* 246 SE2d 270 [W Va]; *Sheets v Teddy's Frosted Foods,* 179 Conn 471; *Chin v American Tel. & Tel. Co.,* 96 Misc 2d 1070, affd 70 AD2d 791, mot for lv to app den 48 NY2d 603; see, generally, Note, Protecting At Will Employees against Wrongful Discharge: The Duty to Terminate Only in Good Faith, 93 Harvard L Rev 1816). In this era of concern over air traffic safety, I can hardly think of a more compelling public policy than is involved in this case. Furthermore, the doctrine of retaliatory eviction (now codified in Real Property Law, § 223-b) began as Judge-made law to compensate for the injustices of evictions in response to tenants' reporting of housing code violations to the public authorities (*Markese v Cooper,* 70 Misc 2d 478), and there is no reason why employ-

ment should not be afforded similar protection against retaliatory employers. I would affirm Special Term's denial of defendants' motion to dismiss the complaint.