OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
An employer has the right to terminate employment at will at any time and for any reason or no reason, except as that right may have been limited by express agreement with the employee or in a collective bargaining agreement of which the employee is a beneficiary (Murphy v American Home Prods. Corp., 58 NY2d 293; Weiner v McGraw-Hill, Inc., 57 NY2d 458; Parker v Borock, 5 NY2d 156).
In support of his cause of action for breach of an employment contract, plaintiff does not rely upon any specific representation made to him during the course of his employment interviews, a provision of a collective bargaining agreement or a policy incorporated in a company handbook referred to during the interviews or thereafter adopted which expressly limited defendant’s common-law right. Rather he relies upon the popular perception of Kodak as a “womb to tomb” employer and its “Performance Appraisal System” requiring periodic evaluation of each employee. Nothing in that system or in the company handbooks in the record establishes that Kodak promised more than that it would strive to maintain stable employment and to evaluate performance fairly. To the contrary, the “Termination Allowance Plan” expressly stated that if “employment terminates *726 because of discharge,” the discharged employee would not qualify for termination allowance. Defendant Kodak was, therefore, properly granted judgment dismissing the first cause of action.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur; Judge Titone taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.