In the Matter of WILLIAM A. MARKS, Respondent, *v.* JOSEPH SCHECHTER et al., Constituting the Civil Service Commission of the City of New York, et al., Appellants.

In the Matter of LOUIS MILBAUER, Respondent, *v.* JOSEPH SCHECHTER et al., Constituting the Civil Service Commission of the City of New York, et al., Appellants.

In the Matter of DAVID B. BROOKS, Respondent, *v.* JOSEPH SCHECHTER et al., Constituting the Civil Service Commission of the City of New York, et al., Appellants.

First Department, December 20, 1960.

*Beatrice Shainswit* of counsel (*Seymour B. Quel* with her on the brief; *Charles H. Tenney, Corporation Counsel*), for appellants.

*Anthony Curreri* for William A. Marks, respondent.

*Charles F. Murphy* for Louis Milbauer and another, respondents.

*Per Curiam.* These are appeals from resettled orders which withdrew and vacated prior orders dismissing the petition and directed a trial of the issues pursuant to section 1295 of the Civil Practice Act. Leave to appeal was granted pursuant to section 1304 of the Civil Practice Act.

Since common questions are involved and for convenience, the appeals are treated together. Each of the petitioners seeks classification to a higher grade, and contends that the refusal of respondents-appellants so to reclassify is arbitrary and capricious.

In each case there was a study made, including a desk audit, and an appellate hearing before the Classification Appeals

Board was accorded each petitioner. Each petitioner contends that the allegations of his petition prima facie established his right to the higher position sought under the reclassification plan, and that the order appealed from properly directed a trial of the issues of fact raised by the pleadings.

All parties cite *Matter of Mandle* v. *Brown* (4 A D 2d 283, affd. 5 N Y 2d 51) in support of their respective positions. That case laid down certain ground rules in matters of this nature but, upon examination, may be readily distinguished from the cases before us. There the petitioner contended that the action taken was not merely a reclassification, " it constituted a complete reorganization of a division with creation of new ranking positions and invalid elevation to such positions of a number of incumbents, all without competitive promotion examination " (p. 285). He sought a striking down of the entire reclassification in his division.

Petitioners here disclaim any intention of attacking the validity of other appointments in their division. They argue that a description of their duties, when measured against the requirements, shows that they are equally fitted for the higher classification which they seek.

In the *Mandle* proceeding the record was incomplete. The court pointed out (p. 287) " [o]nly some of the persons involved, only some of the titles involved,* * * only some of the job descriptions involved, have been disclosed. In no instance has the underlying supporting data been supplied,— only argumentative or conclusory assertions ", and concluded that a hearing was necessary to determine the facts.

In the instant appeals the requirements, job descriptions and a full report of the nature of the various petitioners' work and duties are before us. The reclassification of each petitioner must conform " to the realities which obtained in the operation of the agency prior to reclassification ". Did the respondents create new positions or " deliberately manipulate a reclassification simply by first imposing or by assuming new duties and responsibilities, and then thereby avoid the necessity for filling vacancies by promotion by reclassifying the added duties and responsibilities "? (*Matter of Mandle* v. *Brown, supra,* p. 286.)

In each appeal the petitioner's contention is disputed, to some extent, by his superior.

In the *Marks* appeal, petitioner's Exhibit A, his Position Classification Questionnaire, petitioner states " [t]he necessary analysis and research involved was done with *wide latitude* for independent judgment." His supervisor stated that petitioner's " [m]ajor work is performed under direction or supervision

*but with reasonably wide latitude for independent judgment."*
(Emphasis supplied.)

The general statement of duties and responsibilities (so far as relevant) for the higher positions sought were:

" Senior Attorney. Under broad direction, with wide latitude for independent or unreviewed action or decision ".

" Supervising Attorney. Under very broad direction and with very wide latitude ". (This position was not created until 8 months after the questionnaire in the *Marks* case was completed.)

" Principal Attorney. Under broadest direction, with widest latitude for independent or unreviewed action or decision ".

The position of " Attorney " to which the petitioner was reclassified provided that an attorney is under general direction with " considerable latitude " for the exercise of independent judgment, etc. All of the other three categories involve or may involve supervisory responsibilities. No supervision is involved in the " Attorney " classification, nor does petitioner assert that he performed supervisory work.

Petitioner Marks appealed the commission's ruling, was granted a hearing by the Career and Salary Plan Classification Appeals Board, which, after a hearing, held that no change was warranted in petitioner's classification. It must be borne in mind that the responsibilities existing and duties performed prior to classification must be considered in determining if there was a rational basis for such classification. We cannot say from an examination of this record, as a matter of law, that there was no rational or adequate basis for the determination.

In the *Milbauer* appeal, where the petitioner seeks reclassification as " Senior Attorney ", examination of the record reveals that there was an adequate basis for the determination. It might be noted that the three other attorneys engaged in work similar to the petitioner bear the same classification of " Attorney ".

Similarly, in the *Brooks* appeal, where petitioner, a Senior Attorney, seeks to be reclassified as a Supervising Attorney, we must conclude on the basis of the record including the statement of petitioner's supervisor, that there was some reasonable basis for the determination. The test is not what this court might have done in the individual cases, but whether there is reasonable basis to support the determinations made.

We should point out that in the *Marks* appeal petitioner makes the conclusory allegation that other factors besides those prescribed by the rules entered into and determined the denial of his request. No supporting data is given. A mere conclusory

allegation, under the circumstances and in light of the record, is insufficient to create a triable issue.

In the three appeals the record fails to place petitioners within the specifications of the job sought so that the actions of respondents may not be designated arbitrary or capricious. It appears that the reclassification in each case before us conformed to the realities of the work actually performed at the time of such study and reclassification, and that there is a rational basis for the respective determinations.

Accordingly, the orders appealed from should be reversed on the law and on the facts and the motions to dismiss the petitions granted, without costs to either party.

BOTEIN, P. J., BREITEL, STEVENS, EAGER and NOONAN, JJ., concur.

Resettled orders entered on March 10, 1960 in each of the above-entitled appeals, as grants the petitioners' motions for reargument, directs that the decision and order of December 15, 1959 be withdrawn and vacated, and directs that the issues of fact raised by the pleadings be tried pursuant to the provisions of section 1295 of the Civil Practice Act at a Trial Term of the Supreme Court, New York County, unanimously reversed, on the law, and the petitions dismissed, without costs.