■ In the Matter of PETER HOUGHTON et al., on Behalf of Themselves and All Other Persons Similarly Situated, Appellants, v RAYMOND T. SCHULER, as Commissioner of Transportation, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered November 18, 1976 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, seeking to direct respondent to cancel certain consultant agreements. The petition was brought by holders of permanent competitive positions in the classified civil service within the State Department of Transportation who had been dismissed or demoted because of a reduction in the department's budget. The petitioners allege that the dismissals and demotions were the result of the department's policy of contracting out to private firms the work previously done by them. They further allege that such policy violates their constitutional and statutory civil service rights. The petition was dismissed at Special Term on the ground that petitioners had failed to use the grievance and arbitration procedures provided for in their collective bargaining agreement with the State. The agreement provided that "There shall be no loss of present jobs by permanent employees as a result of the State's exercise of its right to contract out for goods and services" and that the "interpretation, application or claimed violation of a specific term or provision of this agreement"

would be submitted to a grievance procedure culminating in arbitration. In general, job security is a proper subject for agreement between a public employer and its employees *(Matter of Board of Educ. v Yonkers Federation of Teachers,* 40 NY2d 268), and disputes concerning such job security terms may legally be referred by the parties to arbitration (p 273). There is no "statute, decisional law or public policy" which indicates that the specific security clause in issue here is outside the field of collective bargaining authorized by the Taylor Law (see *Matter of Acting Superintendent of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509, 514). This article 78 proceeding was an attempt to avoid the grievance procedure which petitioners, through their union, agreed to and, therefore, was properly dismissed (see *Rieder v State Univ. of N. Y.,* 39 NY2d 845, 846). Judgment affirmed, with costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.