■ In the Matter of ROBERT S. BARHITE, Appellant, v JOHN S. DYSON, as Commissioner of New York State Department of Commerce, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered May 3, 1977 in Albany County, which dismissed petitioner's application in a proceeding pursuant to CPLR article 78. The petitioner Barhite was employed by the respondent Department of Commerce as Business Consultant, a permanent competitive Civil Service position. In December, 1976, he received a notice from the department charging him with four separate instances of misconduct, one of which was his refusal to submit to a psychiatric examination ordered by the department pursuant to section 72 of the Civil Service Law. The notice also stated that as a result of the several instances of misconduct the department would seek to dismiss Barhite. At the time of this notice there was a collective bargaining agreement in effect which established the disciplinary procedure applicable to Barhite. The agreement, which expressly supplanted the disciplinary procedures of sections 75 and 76 of the Civil Service Law (see *Antinore v State of New York,* 49 AD2d 6, affd 40 NY2d 921), provided for a procedure culminating in binding arbitration. Barhite declined to pursue his remedies under the contract procedures. Rather, he commenced this proceeding to challenge the constitutionality of section 72 of the Civil Service Law. As a result of his failure to follow the applicable procedure it is not possible to determine whether he would have been dismissed for refusing to submit to

the examination or for the other alleged misconduct. During the pendency of this action, the petitioner has resigned from State service. As Special Term stated in dismissing this proceeding, Barhite was obliged to exhaust the administrative remedies available to him (see *Matter of Houghton v Schuler,* 61 AD2d 1104; cf. *Rieder v State Univ. of N. Y.,* 39 NY2d 845). We do not reach the question of what the proper procedure would have been if the only misconduct charge had been the refusal to submit to the examination. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Herlihy, JJ., concur.