■ In the Matter of MARTIN LEWIS, Appellant, v DANIEL KLEPAK, as Commissioner of the Office of Drug Abuse Services of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered October 11, 1977 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking reinstatement to his position in the Office of Drug Abuse Services with full pay from the date of his termination. Petitioner was employed as a permanent competitive class employee in the Office of Drug Abuse Services (ODAS) of the State of New York. Allegedly, due to continuing fiscal problems facing the State, petitioner's employment was terminated as of March 30, 1977. Petitioner commenced this proceeding in July, 1977 seeking reinstatement to his position. It was claimed by petitioner that at the time of his termination, and continuing thereafter, ODAS employed a Joseph Coviello to perform services substantially the same if not identical to those previously performed by petitioner. Coviello and his employer, Narcotic and Drug Research, Inc., which is an independent contractor, were both named as respondents in this proceeding. Petitioner contended that the employment of Coviello and Narcotic and Drug Research, Inc., constituted a violation of section 6 of article 5 of the New York State Constitution, the Civil Service Law and the decisional law of the State of New York. During

his employment, petitioner was represented by the Civil Service Employees Association (CSEA). Pursuant to a collective bargaining agreement then in effect between CSEA and the State of New York, a grievance procedure was established for the resolution of claimed violations of specific provisions of the agreement. One of the provisions of the agreement precluded the loss of present jobs by permanent employees resulting from the State's exercise of its right to contract out for goods and services. The grievance procedure involved four steps, the first three of which could have been undertaken by petitioner without CSEA representation. Petitioner alleged that he contacted his union representative in regard to his termination and was advised that an investigation would be conducted. He further claimed that the CSEA did nothing, however, and when he subsequently inquired into the matter he was informed by the union that the time period in which to bring a grievance had expired. Special Term dismissed the petition for failure to exhaust administrative remedies and also found that the petition failed to state a cause of action as against respondents Narcotic and Drug Research, Inc. and Joseph Coviello. This appeal ensued. Petitioner, relying on *Jackson v Regional Tr. Serv.* (54 AD2d 305), contends that since the CSEA breached its duty of fair representation he may bring this proceeding directly against his employer notwithstanding his failure to utilize the grievance procedure. In our view, however, Special Term correctly determined that the holding in *Jackson* contemplates a situation in which the employee is solely dependent on the union for the processing of his grievance. In the present case petitioner had the right to process his grievance through the first three steps of the grievance procedure yet failed to do so. Consequently, the petition was properly dismissed for petitioner's failure to exhaust his administrative remedies (see *Matter of Barhite v Dyson,* 63 AD2d 1051; *Matter of Houghton v Schuler,* 61 AD2d 1104). We have considered petitioner's remaining contentions and find them to be without merit. Having concluded that the petition was properly dismissed for failure to exhaust administrative remedies, we need not now consider whether or not the petition states a cause of action as against respondents Narcotic and Drug Research, Inc., and Joseph Coviello. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.