■ In the Matter of CONSTANT A. MADON, Appellant, v LONG ISLAND UNIVERSITY et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel respondents to reinstate petitioner to his position, with back pay, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered May 26, 1978, which dismissed the petition on the ground of petitioner's failure to exhaust "remedies available in the grievance procedure." Judgment affirmed, without costs or disbursements. Petitioner was discharged from his position as an associate professor at a private university on the ground of professional misconduct, following a hearing. He, however, refused to arbitrate the grievance of his alleged wrongful discharge, maintaining that public policy forbids arbitration of the discharge of a tenured professor for cause. This position is erroneous (see *Board of Educ. v Associated Teachers of Huntington,* 30 NY2d 122, 132; cf. *Matter of*

*Abramovich v Board of Educ.,* 46 NY2d 450, 455-456; *Binghamton Civ. Serv. Forum v City of Binghamton,* 44 NY2d 23, 29-30; *Antinore v State of New York,* 49 AD2d 6, affd 40 NY2d 921). Once it is established that the petitioner was obligated to arbitrate the grievance under the collective bargaining agreement then in effect, his failure to do so operates to bar this judicial proceeding (see, e.g., *Rieder v State Univ. of N. Y.,* 39 NY2d 845, 846; *Matter of Barhite v Dyson,* 63 AD2d 1051, 1052; *Matter of Houghton v Schuler,* 61 AD2d 1104, 1105; *Merante v Burns,* 47 AD2d 671). Mollen, P. J., Damiani, O'Connor and Rabin, JJ., concur.