■ CHARLES PRIVITERA et al., Appellants, v ROBERT J. HIRSCH et al., Respondents.—Order unanimously affirmed, with costs, on the opinion at Special Term, Siracuse, J. (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Moule, JJ.

■ JOHN CURTIS, Respondent, v SCHLEGEL MANUFACTURING CORP., Appellant.—Order unanimously reversed, judgment vacated and complaint dismissed, without costs. Memorandum: Defendant appeals from an order in Monroe County Court affirming a judgment in Henrietta Justice Court awarding plaintiff, a former employee of defendant, $419 in back vacation pay plus costs. Plaintiff claims that when he left the employ of defendant he was entitled under the applicable collective bargaining agreement between defendant and the Textile Workers Union of America to 11 days' vacation pay. Plaintiff followed the first three steps of the four-step grievance procedure set forth in the agreement and was denied recovery. Before proceeding with the final step, binding arbitration, he commenced the present action. Where, as here, the grievance asserted by the employee is within the scope of the procedure set up in the collective bargaining agreement, and the union is willing to pursue the grievance on the employee's behalf, the employee must exhaust his remedies under the agreement (see *Vaca v Sipes,* 386 US 171, 184; *Republic Steel v Maddox,* 379 US 650; *Galley v Pennsylvania R. R. Co.,* 220 F Supp 190, affd 324 F2d 502; *Rieder v State Univ. of N. Y.,* 39 NY2d 845; *Bilinski v Delco Appliance Div., General Motors Corp.,* 23 AD2d 805). Plaintiff has not done so and therefore his complaint should have been dismissed. (Appeal from order of Monroe County Court—recover vacation pay.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Moule, JJ.