*963 OPINION OF THE COURT

Per Curiam.

Order, entered October 29, 1979 (Nolan, J.), reversed, with $10 costs, motion granted, and complaint dismissed.
This small claims action against the City of New York was initiated in May, 1979 by a court clerk employed in State Supreme Court, Bronx County, for "payment of rolled back wages”. During the fiscal emergency which beset the city in the summer of 1975, plaintiff’s authorized bargaining representative (the New York State Court Clerks Association), along with numerous other municipal unions, executed a wage deferral agreement providing for a one-year deferral of a general salary increase otherwise payable under existing collective bargaining agreements. The city pledged that it would "seek to repay” the deferred increase by June 30, 1978, provided various conditions had been met, including a balanced expense budget and the return of the municipality to the public market for the sale of securities. With respect to the resolution of disputes, the parties agreed that "a dispute concerning the application or interpretation of the terms of this Agreement, or any dispute arising out of actions taken under this Agreement” would be submitted to arbitration in accordance with the procedure set forth in the underlying labor contract.
Defendant moved to dismiss upon the ground that plaintiff had no direct action against it, and was limited to the remedy provided for in the collective bargaining agreement negotiated between his union and the city — to wit, arbitration. The Civil Court treated the dismissal motion as one for summary judgment (CPLR 3211, subd [c]) and, searching the record, granted judgment in plaintiff’s favor. The court stated that it was required to do "substantial justice” in a small claims action (CCA, § 1804); and that plaintiff was justified in suing directly under the doctrine enunciated by the Supreme Court in Vaca v Sipes (386 US 171), for the reason that the union had not adequately protected the rights of its members, having "entered into an ambiguous agreement which leaves this employee’s wage increase claim suspended indefinitely and then failing] to act on the employee’s behalf to resolve this impasse after a reasonable time has expired” (101 Misc 2d 356, 363-364).
Guided as we are by the rule that even small claims actions must be decided "according to the rules and principles of *964 substantive law” (CCA, § 1807), we conclude that the present action may not be maintained.
Under settled New York law, where a collective bargaining agreement entered into between an employer and a labor organization contains a provision for the submission of unsettled disputes to arbitration, only the labor organization can invoke the arbitration procedure; each individual employee, in becoming a beneficiary to the contract, gives up to the union, as his representative, the individual right to sue on or litigate as to the contract (Parker v Borock, 5 NY2d 156; Chupka v Lorenz-Schneider Co., 12 NY2d 1). If the union fails to preserve the employee’s rights by arbitrarily refusing to prosecute the employee’s grievance, he has a remedy against the union for breach of fiduciary duty. Subsequent to the decisions in the cited cases, the Supreme Court ruled that an action against an employer by an employee would lie, despite the failure to exhaust contractual remedies, if the employee could prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee’s grievance (Vaca v Sipes, supra, p 186). It has since been held that Vaca, which concerned a private-sector employee, has equal application to public employees (Jackson v Regional Tr. Serv., 54 AD2d 305).
In our view, plaintiff has not brought himself within the guidelines established in Vaca. An employee must at least attempt to exhaust exclusive grievance and arbitration procedure formulated in collective bargaining agreements before he resorts to the courts (Vaca v Sipes, supra, p 184). There is no allegation or proof in the record before us that plaintiff (or any other member of the union) ever requested or demanded, formally or informally, that the union pursue the matter of deferred wages through arbitration. Nor can we say, on the basis of the submission below (no opposing papers to defendant’s motion were received) that the union’s failure, to date, to proceed in this fashion is necessarily arbitrary or discriminatory, or not in furtherance of its membership’s interests. A union does not act in bad faith merely because it will not take a particular grievance to arbitration (Vaca v Sipes, supra, pp 191-192). In this connection, it is noted that in an arbitration/ impasse proceeding previously instituted by a group of municipal unions, a panel has determined that the deferred moneys are not payable before July 1, 1982 at the earliest, and then *965 only if the stated preconditions for payment have been met by that time.
It should be borne in mind that unlike Vaca and many of the cases decided thereunder (see Wingenbach v Mushroom Transp. Co., 51 AD2d 855; Jackson v Regional Tr. Serv., 54 AD2d 305), this is not a wrongful discharge case which may uniquely affect only one employee. The wage deferral question undoubtedly affects a substantial percentage of the union’s membership. The Court Clerks Association, as the exclusive representative, is in the best position to successfully argue the merits of that question, and at the time it deems most appropriate. The city and the union adopted a broad arbitration clause in the wage deferral agreement, and the matter sought to be litigated is manifestly subject to arbitration under the express and unequivocal terms of that clause. It is at all times preferable that controversies be resolved through the mechanism agreed upon by the parties as the method for settlement of disputes. The sole remedy provided in the agreement at issue has not yet been exhausted and, in the absence of any intimation of bad faith or unfair representation on the part of the union, this direct action against the city should not be permitted to stand.
Concur: Dudley, P. J., Hughes and Tierney, JJ.