In the Matter of DOUGLAS H. PREY, Respondent, v COUNTY OF CATTARAUGUS et al., Appellants.

Fourth Department, February 26, 1981

**APPEARANCES OF COUNSEL**

*Dennis V. Tobolski, County Attorney*, for County of Cattaraugus and another, appellants.

*Roemer & Featherstonhaugh (William F. Reynolds* of counsel), for CSEA/AFSCME, appellant.

*Eldredge, Brady & Peters (Thomas C. Brady* of counsel), for respondent.

OPINION OF THE COURT

MOULE, J.

Petitioner was employed as a support officer by the County of Cattaraugus (County) Probation Department from September 1, 1973 through December 31, 1977. On November 1, 1977 he was placed first on the eligibility list for the position of probation officer; however, there were no openings at that time. On January 1, 1978, pursuant to chapter 516 of the Laws of 1977, petitioner was transferred to the Social Services Department. In 1980 a probation officer position became open. After consulting with the Civil Service Employees Association (CSEA), the County appointed another employee who had never worked in the probation department but who had six years of seniority, as a County employee, over petitioner.

Petitioner brought this CPLR article 78 proceeding urging that he should have been appointed to the position because of: (1) his status on the eligibility list; (2) his involuntary transfer; (3) his rights under the collective bargaining agreement between the County and CSEA; and (4) his statutory rights under section 37 of chapter 516 of the Laws of 1977 and under subdivision 2 of section 70 of the Civil Service Law.

Both the County and CSEA moved to dismiss the petition on the grounds that petitioner had failed to exhaust his administrative remedies pursuant to CPLR 7801. In addition, CSEA alleged that the petitioner had failed to state a cause of action against it.

The court denied both the County's and CSEA's motions to dismiss. In their answers, the County and CSEA alleged that petitioner had failed to follow proper grievance procedures; that section 37 of chapter 516 of the Laws of 1977 was intended only to protect the rights and remedies of parties involved in support proceedings and not transferred employees; that the County and CSEA correctly ap-

plied the collective bargaining agreement in this situation; and that section 70 of the Civil Service Law is not applicable to local agencies. The court found for petitioner and ordered the County to appoint him to the probation officer position with back pay.

The first question presented is whether an article 78 proceeding is a proper remedy under these circumstances. It is the rule in New York that once it is established that a petitioner is obligated to arbitrate his grievance under an applicable collective bargaining agreement, his failure to do so operates as a bar to an article 78 proceeding *(Matter of Plummer v Klepak*, 48 NY2d 486, 489, cert den 445 US 952; *Curtis v Schlegel Mfg. Corp.*, 72 AD2d 969; *Matter of Madon v Long Is. Univ.*, 70 AD2d 913, 914; *Matter of Barhite v Dyson*, 63 AD2d 1051, 1052; *Matter of Flemming v Cagliostro*, 53 AD2d 187, 189, mot for lv to app den 40 NY2d 806). Even where the grievance procedure requires prosecution of the grievance by petitioner's union, absent any showing that the union is unwilling to pursue the grievance, such procedures must be exhausted before trying to obtain a judicial resolution *(Rieder v State Univ. of N. Y.*, 39 NY2d 845, 846). However, the exhaustion rule is not inflexible and need not be followed when resort to an administrative remedy would be futile *(Matter of 303 West 42nd St. Corp. v Klein*, 46 NY2d 686, 697-698, n 7; *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57; *Usen v Sipprell*, 41 AD2d 251, 255-256; 1 NY Jur, Administrative Law, § 171, p 575).

In this case the collective bargaining agreement provides a three-stage system. The first stage requires that an employee present his grievance to his immediate supervisor. The second stage is a review by the employee's department head. At the third stage, the union may, but is not required to, submit the grievance to a board composed of an arbitrator and a single representative from both the union and employer. Petitioner's immediate supervisor and department head were located in the Social Services Department and did not have the power to settle this dispute. In addition, he had no right to demand the third stage of arbitration, nor could he force CSEA to represent his position. In

fact, CSEA had already demonstrated its lack of support for his position when it advised the County not to appoint him. Cases such as this depend on the sound exercise of the trial court's discretion *(Matter of Great Lakes Dredge & Dock Co. v Wagner*, 46 AD2d 721, 722) ; thus the finding that petitioner's administrative remedies were inadequate, which allowed a judicial proceeding, should be upheld.

The second question is whether section 37 of chapter 516 of the Laws of 1977 applies in petitioner's situation. This section states: "§ 37 Existing rights and remedies preserved. No existing right or remedy of any character shall be lost, impaired or affected by reason of this act." We must read the statute in its entirety *(People v Martell*, 16 NY2d 245, 247; *Salvo Realty Corp. v Rosenkrantz*, 34 AD2d 1021, 1022) and, in so reading, we agree with the court that the section is applicable to transferred employees. The major purpose of chapter 516 was the redeployment of enforcement personnel in support collection units from county probation departments to newly formed support collection units in county Social Services Departments. None of the procedural rights of parties involved in support proceedings was affected. Consequently, the section is not needed for their protection. There is also an absence of any other provisions for the protection of the rights of employees whose transfer is required by the statute. Finally, section 37 does not restrict itself only to parties involved in support proceedings as the County asserts on appeal. Rather, the section expressly states it applies to existing rights and remedies of any character.

The County's contention that the court's decision allows an individual to accumulate seniority rights in two departments simultaneously is also without merit. The collective bargaining agreement between CSEA and the County provides that hiring preferences should be given to the most senior applicant within the department where the vacancy occurs. If no employee within the department wants the position, then the applicant with the most seniority receives hiring preference. The court merely applied the rights which accumulated and accrued to petitioner while he was in the probation department before his transfer. Because the other applicant had never worked within the probation

department, petitioner was entitled to hiring preference for that position.

The court also found that the County was equitably estopped from asserting that section 70 of the Civil Service Law applies only to State agencies. The doctrine of equitable estoppel may be applied against governmental agencies; however, its application should be reserved for exceptional cases (*Hueber Hares Glavin v State of New York*, 75 AD2d 464, 468; *Matter of 1555 Boston Rd. Corp. v Finance Administrator of City of N. Y.*, 61 AD2d 187, 192; *Quaglia v Incorporated Vil. of Munsey Park*, 54 AD2d 434, 444, affd 44 NY2d 772; *Eden v Board of Trustees of State Univ. of N. Y.*, 49 AD2d 277, 284). Since petitioner is entitled to the position on the basis of the collective bargaining agreement and section 37 of chapter 516 of the Laws of 1977, the doctrine need not be applied.

The court erred when it failed to grant CSEA's motion to dismiss. If a petition fails to state facts sufficient to entitle the petitioner to any relief, it should be dismissed (*Matter of Marks v Schechter*, 12 AD2d 74, affd 10 NY2d 759; *Matter of Winsman v Lyons*, 196 Misc 1010; 24 Carmody-Wait 2d, NY Prac, § 145:317, p 148). Petitioner's dispute with CSEA was that the union advised the County that the collective bargaining agreement did not require his appointment to the probation officer position. CSEA, however, had no power to grant petitioner the relief he sought and could neither appoint him to the position or award back pay. Consequently, CSEA's motion to dismiss should have been granted.

The order insofar as it denies CSEA's motion to dismiss is reversed and otherwise affirmed. The judgment directing the County to vacate its prior appointment of probation officer and requiring the appointment of petitioner with back pay is affirmed.

CARDAMONE, J. P., SIMONS, HANCOCK, JR., and DOERR, JJ., concur.

Judgment and order unanimously modified, and as modified affirmed, with costs, to petitioner against respondent County, in accordance with opinion by MOULE, J.