■ In the Matter of BOARD OF EDUCATION OF THE THREE VILLAGE CENTRAL SCHOOLS OF THE TOWNS OF BROOKHAVEN AND SMITHTOWN, SUFFOLK COUNTY, Respondent, v THREE VILLAGE TEACHERS' ASSOCIATION, INC., Appellant. — In a proceeding to stay arbitration, the Three Village Teachers' Association appeals from a judgment of the Supreme Court, Suffolk County (Gowan, J.), dated July 3, 1980, which granted the petitioner's application to stay arbitration. Judgment reversed, on the law, with $50 costs and disbursements, application denied, and the parties are directed to proceed to arbitration. In analyzing whether a dispute arising under a collective bargaining agreement, negotiated pursuant to the Taylor Law (Civil Service Law, § 200 *et seq.)* is arbitrable, courts must employ a two-level analysis. The court must first determine whether the grievance at issue is within the permissible scope of the Taylor Law. *(Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509, 513.) After it is concluded that arbitration is permissible, the court must then determine whether the parties in fact agreed to refer their differences in this specific matter to arbitration. *(Id.,* p 513.) The permissible scope of arbitration under the Taylor Law is not without its limits. The scope of arbitration under Taylor Law collective bargaining agreements "is limited by plain and clear prohibitions found in statute[s] or decisional law and may be further restricted by considerations of objectively demonstrable public policy". *(Matter of Union Free School Dist. No. 2 of Town of Cheektowaga v Nyquist,* 38 NY2d 137, 143.) An award of reinstatement, with or without back pay is by now fixed in the arsenal to which public employment arbitrators may resort in making grievants whole. *(North Syracuse Cent. School Dist. v North Syracuse Educ. Assn.,* 45 NY2d 195, 202.) The courts of this State have rejected the argument that an award of back pay for breach of the terms of a collective bargaining agreement violates section 1 of article VIII of the State Constitution, which prohibits gifts and loans of public money. (See *Matter of Antonopoulou v Beame,* 32 NY2d 126; *Piro v Bowen,* 76 AD2d 392; *Matter of Port Jefferson Sta. Teachers Assn.*

*[Board of Educ.]*, 77 AD2d 922.) Proceeding to the second tier of the analysis, we conclude that the instant dispute falls within the broad definition of the term grievance found in the parties' agreement. We disagree with Special Term's conclusion that arbitration is precluded because section 3020-a of the Education Law provides for review of the results of a hearing held under that section. The arbitration clause in issue excludes any matter as to which a method of review is prescribed by law. However, the issues resolved at the section 3020-a hearing were quite different from the subject matter of the grievance. There, the panel simply decided that the board had the power under the Education Law to assign the grievant to a position as a permanent substitute, not whether such an assignment violated the terms of the parties' collective bargaining agreement. The latter is a matter for the arbitrator to decide. Lastly, we note that it is, of course, for the arbitrator to determine whether the grievant timely complied with the various time requirements contained in the grievance procedure of the parties' collective bargaining agreement (see *Matter of Board of Educ. [Wager Constr. Corp.]*, 37 NY2d 283, 288-289; 8 Weinstein-Korn-Miller, NY Civ Prac, pars 7502.15-7502.16). Accordingly, the parties are directed to proceed to arbitration forthwith. Damiani, J.P., Gibbons, Gulotta and Thompson, JJ., concur.