OPINIÓN OF THE COURT

Per Curiam.

Order entered November 13, 1980 reversed, with $10 costs, motion granted, and complaint dismissed.
As justification for sustaining this direct action by a union member against his employer, the City of New York, to recover the amount of a general salary increase deferred for a period of one year pursuant to a wage deferral agreement executed by plaintiff’s union in 1975, the Small Claims Court found “misconduct” on the part of the union “in entering into an ambiguous wage deferral agreement, by * * * refusing to process plaintiff’s claim when he *524 asked the union to do so, and by * * * collaborating with the city to keep the wage deferral suspended indefinitely.” (Deneen v City of New York, 106 Misc 2d 785, 791.) We have previously considered in detail many of the issues raised in this appeal (see Albert v City of New York, 103 Misc 2d 962). An employee may not bring a proceeding directly against his employer alleging that his union breached its duty of fair representation where the employee himself had the right to process the grievance through the initial steps of the grievance procedure available to him yet failed to do so (Vaca v Sipes, 386 US 171, 184; Matter of Lewis v Klepak, 65 AD2d 637). Plaintiff’s mere allegation that he made “overtures” to his union with respect to reclaiming his deferred wages hardly satisfies that requirement. Furthermore, a labor organization does not ipso facto breach its duty of fair representation toward a member of the collective bargaining unit simply because it will not take a given grievance to arbitration; its conduct toward the individual employee must be “arbitrary, discriminatory, or in bad faith” (Vaca v Sipes, supra, pp 190, 191). Virtually all municipal employee unions consented to the wage deferral agreement at issue, and we question whether it is the function of the courts to sit in judgment on the strategy adopted by sophisticated labor groups in their negotiations with the city. In a situation where, as here, the complaint is not personal to the union member, but is one which affects a substantial percentage of the membership, the exclusive bargaining representative is in the best position to successfully argue the merits of that complaint, and at the time it deems most favorable (Albert v City of New York, supra, p 965). In the absence of any allegation as to patently wrongful or discriminatory conduct by the union, its discretionary decision not to proceed on the matter at this time should be respected.
Were we not dismissing the action, we would remand for a trial on the merits. Contrary to the conclusion below, the city did not unequivocally promise to pay the deferred wages by June 30, 1978, but only promised to “seek to repay” by that date subject to stated conditions, including a balanced expense budget and the return of the municipality to the public market for the sale of securities. We would *525 agree that the city’s repayment obligation is not to be “suspended indefinitely”. Indeed, in an arbitration/impasse proceeding previously brought by a coalition of labor unions, a panel has determined, after receiving testimony from the principal negotiators to the deferral agreement, that it was the intention of the parties that the city’s contingent liability continue after June 30,1978 until such time as the stated conditions for payment have been met. Since these issues are not at all addressed in the submission below, it was improper to award summary judgment in plaintiff’s favor.
Hughes, J. P., Tierney and Riccobono, JJ., concur.