OPINION OF THE COURT
Daniel A. DePasquale, J.
The petitioner brings this action at Special Term pursuant to the provisions of CPLR 7503 (subd [b]), to stay arbitration proceedings involving two separate demands for arbitration filed by the respondents, Dorothy Lorenz and her designated representative, Karen Kelley. The petitioner, Seneca Falls Central School District, employs the respondent, Dorothy Lorenz, as a library aide and she is also a member of the CSEA, Local 850, AFSCME/AFLCIO (hereinafter referred to as Local 850).
. Pursuant to the provisions of the collective bargaining agreement entered into between the petitioner and the respondent, Local 850, the member, Dorothy Lorenz, filed a grievance on April 28,1982 against the petitioner alleging *880 a violation of seniority classification in her job listing. The respondent, Lorenz, pursued her grievance through the necessary two-step tier as required by the collective bargaining agreement and her requests for relief were denied at both intermediate levels. On May 20, 1982, respondent Lorenz filed a demand for arbitration of such grievance with the petitioner’s superintendent and named the respondent Karen Kelley, president of the Seneca Falls unit, CSEA (a recognized unit within Local 850), as her duly designated representative in the demand. On June 2,1982, the respondent Lorenz filed a second grievance which related to her original petition and demand. On June 25, 1982, Lorenz filed a second demand for arbitration with petitioner’s superintendent and again named the respondent, Karen Kelley, president of the Seneca Falls unit, CSEA, as her duly designated representative in this demand. The two demands for arbitration have been deemed by the petitioner to be ineffectual and nonbinding; and for that reason, the petitioner brings this action for a stay of arbitration.
Petitioner argues that the collective bargaining agreement, effective July 1, 1980 through June 30, 1983 was duly entered into between the petitioner, Seneca Falls Central School District, and the respondent, Local 850, and that the agreement to arbitrate clause contained therein controls whether or not there has been a valid demand for arbitration under the aforesaid collective bargaining agreement. The petitioner contends that since the respondent, lleno Piagentini, as president of Local 850, and respondent Local 850 have not joined in the demand for arbitration brought by the respondent Lorenz, in her individual capacity as union member/grievant, that such demand for arbitration is both improper and without binding effect as based on the wording of the arbitration clause. The petitioner argues that it has initiated no agreement or contract to arbitrate any issue which is brought by individual union members or units within the Local 850; but alternatively, is only required to arbitrate issues that are duly brought by the association itself (here being Local 850) in either its individual representative capacity or that of joinder with an individual union member/grievant.
*881 The respondents, Local 850 and Reno Piagentini, as president of Local 850, agree with the interpretation submitted by the petitioner and further, through its verified answer with cross claims, have joined in the relief requested by the petitioner. Local 850 and Piagentini assert that the demands for arbitration at issue herein were improper and unauthorized in that only Local 850, in its capacity as the sole representative of the grievant Lorenz, could appeal the grievance procedures to arbitration. Specifically, the respondent Local 850 contends, in addition to the argument of the petitioner already set forth, that in reading the full context of the arbitration clause, subdivision III (d) of the collective bargaining agreement the clear intention is that only the association (Local 850) or the board of education has the power to demand arbitration hearings and not the individual grievant or any unit within Local 850, without the authorized indorsement of Local 850. To these contentions, the court must disagree.
Certain situations have existed where a collective bargaining agreement between the employer and labor union, which contain specific arbitration provisions, have been deemed restrictive in allowing only the labor organization to invoke the arbitration procedure, thus barring any demand of arbitration by the individual members. (Parker v Borock, 5 NY2d 156; County of Westchester v Mahoney, 56 NY2d 756; Albert v City of New York, 103 Misc 2d 962.) Such, however, is not the case as presented before this court. The individual union member, Lorenz, in becoming an intended beneficiary of the bargaining contract, does not waive her individual right to sue on or litigate disputes under this particular agreement whereby the specific and particular wording of the arbitration clause does not preclude such rights. In distinguishing the proposition set down in Parker v Borock (supra, p 161), this court agrees with fundamental proposition that in construing instruments the entire writing must be considered and given effect, however, the employee in Parker could not avail himself of the arbitration provisions “since that right was granted only to the union”. In the case before this court, the individual grievant/union member is bound by the terms of the collective bargaining agreement, but such *882 terms do not preclude the individual from utilizing the arbitration procedure. This case distinguishes itself upon the wording and intent behind the arbitration clause and what effect and usage that should be construed from the collective bargaining agreement.
In analyzing whether a dispute arising under the collective bargaining agreement, negotiated pursuant to the Taylor Law (Civil Service Law, § 200 et seq.), is arbitrable, the court is required to utilize a two-tier analysis. First, this court must determine whether the grievance at issue is within the permissible scope of the Taylor Law (Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d 509, 513; Matter of Board of Educ. v Three Vil. Teachers’ Assn., 82 AD2d 856). Should the requirements of the first tier be met, i.e., that it is concluded that the subject matter of the dispute is arbitrable, the court must then carefully look at the arbitration agreement itself to determine whether the parties actually agreed to refer their differences and arguments in the particular matter to arbitration (CPLR 7503, subd [b]; Matter of Howard & Co. v Daley, 27 NY2d 285).
The first level of analysis in the case at bar is summarily met and without need for extended discussion. Suffice to say that the question of whether the public employer, Seneca Falls Central School District, violated the provisions of seniority classification of the job listing for Dorothy Lorenz, an employee and union member of Local 850, is clearly within the permissible and intended scope of the Taylor Law provisions, and the court will refrain from reviewing the merits of the parties’ arbitrable claim which will remain the exclusive jurisdiction of the arbitrator (Matter of Franklin Cent. School [Franklin Teachers Assn.], 51 NY2d 348).
Proceeding to the second and more difficult level of analysis in order to compel arbitration, this court must determine that an agreement to arbitrate has been established in “express, direct and unequivocal” terms. (Gangel v De Groot, 41 NY2d 840, 841.) Accordingly, this court is required to determine whether the 1980-1983 collective bargaining agreement between the Seneca Falls Central School District and Local 850 intended to refer the individ *883 nal grievances of its union members to arbitration by the sole and exclusive demand of the union, Local 850, or whether the individual grievant is also so empowered to bring the demand individually under the agreement.
The essence in determining the parties’ rights and obligations therefore ultimately rest on the interpretation and effect given to the collective bargaining agreement, article XV, subdivision III, entitled, grievance procedures; the pertinent part of which at issue is set forth as follows:
“Article XV Grievance Procedure:
“HI. Grievance Procedure * * *
“(d) In the event the grievant and/or the Association or the Board of Education is not satisfied with the statement of the other with respect to a grievance, it shall within fifteen (15) days after receiving the statement refer the grievance to arbitration by a request to the Public Employment Relations Board. The Board of Education and the Association shall select an arbitrator in accordance with its accepted rules of procedure.”
The phrase “and/or” (as used in the collective bargaining agreement’s arbitration clause, as above quoted) is argued by the petitioner and Local 850 to mean, “the grievant [Lorenz] and the Association [Local 850] may jointly arid indefeasibly bring the Demand to Arbitrate, or alternatively, that just the Association [Local 850] may bring the Demand to Arbitrate, and to hold otherwise would defeat the intent of the clause and destroy the integrity of the entire collective bargaining agreement.” Conversely, the respondents, Lorenz and Kelley, argue for the natural or common usage to be afforded the clause; hence allowing the individual grievant to solely bring his/her action as a union member without prior authorization of Local 850.
The expression “and/or” is used for the apparent purpose of avoiding an illiberal construction which emphasizes the conjunctive in preference to the disjunctive, or vice versa (Schaffer v City Bank Farmers Trust Co., 239 App Div 531). Long since abhorred by the courts, the use of the term “and/or” has been referred to as “the abominable invention,” “as devoid of meaning as it is incapable of classification by the rules of grammar and syntax.” (American Gen. *884 Ins. Co. v Webster, 118 SW2d 1082, 1084 [Tex]) and chastised by the statement “the use of the grammatical monstrosity ‘and/or’ is confusing and should be condemned” (Boggs v Commonwealth, 285 Ky 558, 561).
However, the correct and more recent trend avoids the necessity for using such expression when the court follows the simple principle of avoiding construction on the basis of one particular word and looks to the entire context of the agreement. By scrutinizing the practical construction placed by the parties on the expression “and/or” and the circumstances surrounding the execution, usage, and effect of the agreement, the court may best determine which interpretation will best accord with the equities of the particular situation (Hicks v Haight, 171 Misc 151).
In reading the full text of article XV of the collective bargaining agreement, entitled grievance procedure, subdivision I sets forth definitions for use within the entire section on grievances. “Aggrieved party” or “grievant” is defined within such section as an employee, group of employees; the association; or in situations where it submits a grievance, the board of education. In subdivision III (a), relating to the stage 1 procedures in bringing a grievance, the collective bargaining agreement again uses the expression “and/or” in the context, “if the aggrieved party and/or his designated representative is not satisfied with the building principal’s or immediate supervisor’s answer, or if no answer is received within ten (10) working days after submission of the grievance, the grievant may appeal to the Chief School Officer within ten (10) working days.” Notably, both the petitioner, Seneca Falls Central School District, and respondents, Piagentini and Local 850, agree that Lorenz properly performed the necessary steps and procedures regarding her first filed grievance stage of April 28, 1982. Apparent conflicts exist, however, in the interpretation that the petitioner and respondents, Piagentini and Local 850, give to the expression “and/or” in subdivision III (dj and that applied to the same expression in subdivision III (a) above described. Should the same interpretation requested by the petitioner be applied to the “and/or” clause of subdivision III (a), it would have resulted in the aggrieved party (Lorenz) having to obtain the join *885 der and consent of her designated representative (Kelley) in order to move the grievance from stage 1 to that of stage 2, and such does not appear to be the case.
Further, the practical construction placed on the term “and/or” from the over-all wording of article XV of the collective bargaining agreement would indicate a distinct and separate meaning from that asserted by the petitioner and respondents, Piagentini and Local 850. Article XV of the agreement addresses the grievance procedures in general terms focusing upon the acts and requirements that the individual grievant (or aggrieved party) must perform. Specifically, subdivision III (a), (b) and (c) set forth the particular acts that the individual grievant must take in order to reach the matured stage 3 proceedings whereby a demand for arbitration can be made. To deny the usual and customary interpretation of “and/or” when reaching stage 3 proceedings would be counterproductive to the enforcement of the union members’ rights under the agreement and further, contrary to the clear and unequivocal meaning attached from its context within the entire section.
As defined by Webster’s Seventh New Collegiate Dictionary, “and/or” is “used as a function word to indicate that words are to be taken together or individually.” As previously discussed, the interpretation afforded the entire construction of article XV on grievance procedures strongly indicates that the above-described customary definition reflecting the direct and unequivocal meaning was what was both contemplated and intended by the drafters of the collective bargaining agreement.
A well-settled and strongly enforced rule in the law of contracts will not permit a person to take advantage of what has been called “adroit and slippery language” (Johnson v Hathorn, 2 Keyes 476, 484). Where by reason of uncertainty and ambiguity in the writing judicial construction as to the intent of the parties is necessary, then the factor of what is reasonable and equitable as against what is harsh and unreasonable looms large in the mind of the court. All agreements are to receive a fair and reasonable construction, always having in view the purpose and object of the parties (Colt v Phoenix Fire Ins. Co., 54 NY 595, 597; People ex rel. N. Y. Cent. & Hudson Riv. R. R. Co. *886 v Walsh, 211 NY 90, 99). After carefully scrutinizing the full context and structure of the collective bargaining agreement, in particular the provisions relating to grievance procedures in article XV, this court perceives the fair and reasonable construction to include the common and customary usage of “and/or” as previously described.
The union members of Local 850, having ratified the agreement between the union (Local 850) and the petitioner, are subject to both the benefits and obligations derived therefrom. To deny the respondent Lorenz the reasonable and common construction of the arbitration agreement clause would create a contravention of the equitable interpretation and subsequent reliance by the union members. For this reason, this court cannot find that each individual employee and union member, in becoming a beneficiary of the collective bargaining agreement between the Seneca Falls Central School District and Local 850, gave up to the union, as their respective representatives, the individual right to litigate their grievances to the contract. The only just and equitable interpretation to be afforded the particular arbitration clause used in the agreement must be construed as allowing the individual grievant-employee’s rights to pursue their demand to arbitration without the union’s indorsement.
Accordingly, the individual grievant would be empowered to bring the demand for arbitration against the petitioner employer regardless of whether her representative union concurs with her request. Such outcome is in keeping with the holding presented by the case of County of Westchester v Mahoney (56 NY2d 756, supra), wherein the Court of Appeals found that an arbitration clause which read “[at the request of] the College or Union” (emphasis added), properly restricted the individual grievant’s rights to bring such arbitration demands. As distinguished adequately on the facts, the present case’s arbitration clause reads “[i]n the event the grievant anchor the Association or the Board of Education is not satisfied” (emphasis added) and as such indicates a clear and direct attempt on the part of the parties to the collective bargaining agreement to allow the right to compel arbitration to both that of the *887 petitioner or respondents, Piagentini and Local 850, and the individual grievant.
Arguably, the integrity of the union’s position is compromised by being forced to defend the actions brought by their respective members without regard for cost, time or efficiency. This argument, however persuasive, cannot withstand the public policy issue in construing the ambiguous words “and/or” against the drafters of the original document. Public policy warrants that the construction and interpretation of the collective bargaining agreement should not be subsequently-misconstrued or reinterpreted contrary to normal and customary usage so as to defeat the rights afforded the members within the union and the reliance that they have created.
The collective bargaining agreement between the petitioner and the respondent Local 850 expires on June 30, 1983 and it would benefit all parties involved should such language and procedures of the above-described grievance clause be so modified or corrected as to reflect their true intentions. Until such time however, this court is bound by the afore-mentioned construction, apparent intent, and literal meaning afforded the term “and/or”.
The cases cited in the petitioner’s brief which support the contention that the respondent Local 850 has the exclusive right to represent their employees in the settlement of grievances are accurate yet restrictive in their apparent scope. The right to represent cannot be misconstrued to mean the right to bring such action. To narrow the employees’ rights beyond the union’s mere right or power to represent would unduly hinder the individual grievant’s right to bring the action itself and for such reason cannot be held as controlling.
One further point that need be addressed by this decision remains. The petitioner makes application for a stay of arbitration pursuant to the provisions set forth in CPLR 7503 (subd [b]). The original demand for arbitration, filed by the grievant Lorenz, was served upon the petitioner, Seneca Falls Central School District, by and through its superintendent, M. Douglas Zoller, on May 20, 1982. Such facts having been duly admitted by the pleadings of all *888 parties to this action. The particular mode of service must be completed in a manner calculated to notify the opposing party of the relief sought and must give that party an opportunity to defend or oppose (Matter of Nationwide Mut. Ins. Co. [Monroe], 75 AD2d 765). Since the demand notice clearly specified the contents and stated the 20-day warning on the face thereof, its service upon the superintendent cannot be construed as misleading or failing to sufficiently notify the petitioner of its contents.
There does not exist, however, any indication that the party served (here being the petitioner school district), responded to stay such demand for arbitration within the required 20 days as set forth in CPLR 7503 (subd [c]). The petitioner has presented no evidence of a return receipt having been signed or agreed to by the respondents, Lorenz or Kelley, which would indicate evidence of a delivery of notice in which to apply for a stay of arbitration within the 20-day requirement. Inferring from the evidence presented that the petitioner allowed the 20-day period to lapse, this court is powerless to extend or modify the effect of CPLR 7503 (subd [c]) which in effect denies the petitioner grounds to bring such stay of arbitration under CPLR 7503 (subd [b]) (Matter of Jonathan Logan, Inc. [Stillwater Worsted Mills], 31 AD2d 208, affd 24 NY2d 898). In finding that the petitioner lacks sufficient procedural grounds for bringing the above-described action to stay the request for arbitration only further supports the resultant decision of this case.
Accordingly, the court hereby denies the application for stay of the petitioner and the cross claims of the respondents Piagentini and Local 850 for such stay of arbitration, and the parties are directed to proceed to arbitration on the above-described grievances filed by the respondents, Lorenz and Kelley.