OPINION OF THE COURT
John G. Connor, J.
The issue here presented is whether the within CPLR article 78 proceeding brought by petitioner, whose license to operate a motor vehicle was revoked, is barred by reason of petitioner’s having failed to exhaust his administrative remedies.
Section 263 of the Vehicle and Traffic Law provides: “No determination of the commissioner or a member of the department which is appealable under the provisions of this article shall be reviewed in any court unless an appeal has been filed and determined in accordance with this article; provided, however, the refusal of an appeals board to grant a stay pending appeal shall be deemed a final determination and such refusal may be reviewed pursuant to article seventy-eight of the civil practice law and rules.”
The facts appear to be as follows:
Petitioner was involved in a fatal automobile accident on March 29, 1983. His license was suspended by a Motor Vehicle Department order dated June 17, 1983. Petitioner *645 requested a hearing which was then scheduled and rescheduled five times. The August, 1983 hearing date was adjourned by respondent and rescheduled for September, 1983. On that occasion petitioner and his (then) attorney appeared but the police officer did not. The hearing officer accordingly restored petitioner’s license pending a rehearing. The next hearing scheduled for November was also adjourned by the respondent, as was the hearing thereafter set down for December 2, 1983.
On December 2, 1983 (a Friday), the respondent sent notice setting the (fifth) hearing date at December 30, 1983. The form notice read, in part, as follows: “Please note that time, place and personnel for this hearing have been specifically assigned. It is the policy of this Department to grant postponements only under the most unusual circumstances. If you are unable to attend, contact the Safety Hearing Bureau, Department of Motor Vehicles, Governor Nelson A. Rockefeller Plaza, Albany, New York 12228 within five days of receipt of this notice. No postponement is deemed granted unless there has been specific confirmation from the Safety hearing Bureau.”
The directive is not in accord with 15 NYCRR 124.9 which provides: “The motorist may request one postponement of hearing by telephone or by mailing his°request, at least four days before the hearing date, to the hearing office where the hearing will be held. The motorist will be notified by mail of the rescheduled date. He may also request a postponement by himself or by his representative appearing in person, at least one day before the hearing date, at the hearing office where the hearing will be held. For a second or subsequent postponement, the motorist or his representative must show good cause. Such requests for postponement must be made before a referee at the hearing office where the hearing will be held. Requests for postponements by the police officer may be granted in the discretion of the referee.”
The object of both procedures is to give respondent sufficient time to consider the application for adjournment. In the instant case, petitioner’s (then) attorney wrote on December 9, 1983, regarding the hearing scheduled for December 30, 1983, and advised that he would be in *646 Florida that week. This is good cause for an adjournment, although upon petitioner’s first request no showing of good cause was necessary under 15 NYCRR 124.9.
The time interval of approximately three weeks between the attorney’s letter and the hearing date was more than ample to permit respondent to consider the request to adjourn and respond thereto. He failed to respond at all.
The hearing officer proceeded on December 30,1983, and based upon proof submitted only by petitioner’s opponent, revoked the operator’s license of petitioner. Orders of revocation, dated February 16, 1984, were issued.
Petitioner’s (then) attorney telephoned respondent’s Safety Hearing Bureau and requested a rehearing. The request was denied by letter dated March 1, 1984, signed by the senior administrative law judge “after reviewing the folders.”
In Giambra v Commissioner of Motor Vehicles (46 NY2d 743) the court held failure to utilize the appropriate mechanism for administrative review of a decision to revoke an operator’s license precludes a petitioner from challenging that determination by means of an article 78 proceeding.
This court will consider whether further administrative proceedings are appropriate under the circumstances set forth above.
An appeal upon the merits would be totally unavailing since the record contains proof submitted by only one party to the litigation. The exhaustion of remedies rule is not inflexible and should not be followed when resort to administrative remedies would be futile. (Matter of Prey v County of Cattaraugus, 79 AD2d 205.) It is the opinion of this court that the article 78 proceeding is valid, other remedies being futile and inappropriate.
The respondent’s failure to act upon the December, 1983 request for an adjournment was arbitrary and capricious. The respondent does not allege that the request to adjourn was not timely received. The respondent simply alleges, (1) that the adjournment requested was neither confirmed nor denied and (2) that the attorney’s letter was not contained in the hearing officer’s file on December 30, 1983. Neither of these irregularities are attributable to petitioner.
*647 Due process requires that petitioner be granted his day in court and respondent is directed to stay the orders of revocation Nos. A-403010 and H-402160 pending a revocation rehearing held in accordance with section 301 of the State Administrative Procedure Act.