■ In the Matter of NANCY D. CHYU, Respondent, v COUNTY OF CHAUTAUQUA, Appellant.—Order unanimously reversed, on the law, without costs, motion granted and petition dismissed

and order of transfer vacated. Memorandum: The petitioner instituted this proceeding to review her claimed wrongful discharge as a county employee rather than proceed to step IV of the grievance procedure contained in the county's collective bargaining agreement. This step directed binding arbitration by an arbitrator chosen pursuant to PERB rules. Special Term ruled that any further resort to the grievance procedures would be futile because the procedures were tainted by the County Executive's conflict of interest. We disagree. Petitioner's failure to exhaust her administrative remedies bars this CPLR article 78 proceeding *(see, Matter of Plummer v Klepak,* 48 NY2d 486, 489, *cert denied* 445 US 952; *Matter of Prey v County of Cattaraugus,* 79 AD2d 205, 207). Petitioner will have a full opportunity to litigate her case before an impartial arbitrator *(see, Matter of Pfaff v Columbia-Greene Community Coll.,* 99 AD2d 887). (Article 78 proceeding transferred by order of Supreme Court, Chautauqua County, Cass, J., and appeal from order of Supreme Court, Chautauqua County, Cass, J.) Present—Dillon, P. J., Doerr, Boomer, Green and O'Donnell, JJ.