Gangel-Jacob, J.
(dissenting). Plaintiff, a retired municipal employee, instituted this small claims action to recover what he variously characterizes as “lagged” or “deferred” wages owed but allegedly not paid to him upon his retirement. The statement in lieu of stenographic transcript does not permit intelligent appellate review of the substantive issues presented in the action, particularly whether plaintiff actually received the postretirement payment specified in the governing collective bargaining agreement, whose terms are only vaguely described in the record before us. Although defendant apparently was prepared to present “pay records” bearing on the wage payment issue at trial, the parties’ stipulation of facts indicates that the court (improperly) excluded the documentation as “irrelevant.” Given the incomplete and unsatisfactory state of the record, “substantial justice” (CCA 1807) will best be served by trying this matter anew.
The plaintiffs putative lack of standing to sue the municipal defendant—the sole ground relied upon by the majority in dismissing the action outright—was not, so far as shown, raised at any time by defendant in the trial court and, indeed, no mention of the issue is made in the appellate brief now submitted by defendant through Corporation Counsel. In any event, even were the issue properly before us and even assuming that the collective bargaining agreement contained a provision requiring that unsettled disputes be submitted to arbitration, the rule invoked by the majority that an individual union member must exhaust administrative remedies before commencing a direct action against the City (see e.g. Deneen v City of New York, 113 Misc 2d 523 [1982]; Albert v City of New York, 103 Misc 2d 962 [1980]) is inapplicable to the situation here presented and provides no obstacle to the maintenance of this action. Unlike the cited cases which involved allegations that the union breached its duty of fact representation, the matter at bar primarily involves a dispute over whether this plaintiff actually *93 received, a particular wage payment, a narrow question “personal to the union member . . . [not] one which affects a substantial percentage of the [union] membership” (Deneen v City of New York, 113 Misc 2d at 524).
Suarez, EJ., and McCooe, J., concur; Gangel-Jacob, J., dissents in a separate memorandum.