■ In the Matter of ROBERT P. MEEGAN, JR., Individually and as President of Buffalo Police Benevolent Association, et al., Respondents, v BYRON W. BROWN, as Mayor of City of Buffalo, et al., Appellants. [885 NYS2d 854]—

1438

Appeal from a judgment (denominated judgment and order) of the Supreme Court, Erie County (John A. Michalek, J.), entered May 29, 2008 in a CPLR article 78 proceeding. The judgment, inter alia, directed respondents to fill certain vacancies in the Buffalo Police Department within 45 days of the date on which the vacancy was created.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, respondents' motion is granted and the petition is dismissed.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to compel respondents to fill certain vacancies in the Buffalo Police Department within 45 days of the date on which the vacancy was created pursuant to a memorandum of agreement (agreement) between petitioner Buffalo Police Benevolent Association (PBA) and respondent City of Buffalo (City). The agreement, which modified the parties' collective bargaining agreement (CBA), required the City to maintain a minimum number of police officers in the ranks of detective, lieutenant, and captain. The "45-day rule" set forth in the agreement provided that, "[i]n the event the minimum for a rank position falls below the stated minimum, the vacancy shall be filled within 45 days of the created vacancy."

We conclude that Supreme Court erred in denying respondents' motion to dismiss the petition. As the City correctly contends, the failure of petitioners to exhaust their administrative remedies pursuant to the CBA precludes them from seeking relief under CPLR article 78 (*see Matter of Plummer v Klepak*, 48 NY2d 486, 489-490 [1979], *cert denied* 445 US 952 [1980]; *Matter of Hall v Town of Henderson*, 17 AD3d 981 [2005], *lv denied* 5 NY3d 714 [2005]; *Matter of Chyu v County of Chautauqua*, 115 AD2d 989 [1985]). "It is the rule in New York that once it is established that a petitioner is obligated to arbitrate his [or her] grievance under an applicable collective bargaining

agreement, his [or her] failure to do so operates as a bar to [a CPLR] article 78 proceeding" (*Matter of Prey v County of Cattaraugus*, 79 AD2d 205, 207 [1981]). Article XI of the CBA provides that "[a]ny grievance or dispute . . . between the parties regarding the application, meaning or interpretation of this [CBA] shall be settled" in accordance with a four-step grievance procedure, culminating in binding arbitration. There is no question that the issues raised by petitioners in this proceeding fall within the broad scope of the grievance procedure established by the CBA and, indeed, the PBA has previously grieved alleged violations of the 45-day rule in accordance with article XI.

Contrary to the contention of petitioners, we conclude that they failed to establish the futility of participating in the grievance procedure and that they therefore were excused from exhausting their administrative remedies (*see Matter of Amorosano-LePore v Grant*, 56 AD3d 663, 665 [2008]; *see generally Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]). Indeed, in previously arbitrated disputes arising out of the City's alleged violation of the 45-day rule, the PBA has received the remedy that it sought, i.e., retroactive pay for police officers appointed to vacancies outside the 45-day time period. Also without merit is the further contention of petitioners that their participation in the grievance procedure would be futile because an arbitrator lacks the authority to direct the City to appoint a particular individual from the applicable civil service eligibility list. In support of that contention, petitioners assert that only the courts may order such appointments, but in fact the courts similarly lack the authority to order the appointment of any particular individual to a vacant position (*see generally* Civil Service Law § 61; *Matter of Andriola v Ortiz*, 82 NY2d 320, 324 [1993], *cert denied* 511 US 1031 [1994]). Present—Hurlbutt, J.P., Fahey, Peradotto, Green and Pine, JJ.